Feliciano Acevedo, Juez Ponente
*790 TEXTO COMPLETO DE LA RESOLUCION
I
La peticionaria, Citibank, N.A. (en adelante Citibank) presentó petición de certiorari el 14 de mayo de 1998. En éste nos solicita que este Tribunal revise la resolución que emitiera el Tribunal de Primera Instancia, Sala Superior de San Juan (en adelante el Tribunal), la que dejó sin efecto sentencia de archivo por moción en base a la Regla 39.2(b) de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, (R. 39.2) (1979), reabriendo el caso y concediéndole a la parte recurrida, Santiago Parrilla (en adelante Parrilla), treinta (30) días para conseguir representación legal y comparecer por escrito.
Examinada la resolución recurrida y la documentación que obra en autos, a la luz del derecho aplicable, resolvemos confirmar la resolución recurrida.
II
Parrilla presentó demanda contra el Citibank, el 28 de diciembre de 1995, por incumplimiento de contrato.
El 27 de febrero de 1996, Citibank compareció al Tribunal y solicitó tiempo adicional para alegar. Contestó la demanda el 19 de abril del mismo año.
Luego de ciertos trámites procesales, producción de documentos, aviso de toma de deposición y requerimiento de admisiones, el 2 de agosto de 1996, se celebró vista sobre el estado de los procedimientos y luego de discutir varios asuntos legales, Citibank le señaló al Tribunal la necesidad de que Parrilla compareciera mediante abogado.
Nuevamente Citibank comparece mediante moción al Tribunal, el 22 de agosto de 1996, solicitándole se le ordenara a Parrilla comparecer por abogado.
El 24 dé septiembre de 1996, el Tribunal ordenó a Parrilla obtener representación legal en treinta (30) días.
El 27 de septiembre de 1996, se le ordenó a Parrilla cumplir con el requerimiento de producción de planillas de contribución sobre ingresos y otros documentos sometidos por Citibank. Este solicitó tiempo adicional para cumplir con la orden de 24 de septiembre referente a la producción de documentos.
El 28 de octubre de 1996, Parrilla solicitó nuevamente tiempo adicional para obtener representación legal.
El 4 de febrero de 1998, no habiéndose realizado trámite alguno respecto al caso durante más de seis meses, el Tribunal de Primera Instancia le requirió a las partes, conforme a la Regla 39.2 (b) de Procedimiento Civil, supra, que expusieran por escrito las razones por las cuales no debiera desestimarse y archivarse la reclamación. Al no recibir respuesta alguna a dicha orden, el referido foro dictó sentencia por inacción, el 27 de febrero de 1998, ordenando el archivo del caso. Ese mismo día, Parrilla, mediante Moción Informativa, solicitó tiempo adicional para cumplir con las órdenes del Tribunal.
El 6 de marzo de 1998, atendiendo la Moción Informativa radicada por Parrilla, el Tribunal dejó sin efecto la sentencia y señaló conferencia de estado del caso para el 8 de abril de 1998, a las 9:30 a.m.
A su vez, el 24 de marzo y luego de recibir Moción de Reconsideración por parte de Citibank, quien fundamentó su moción en que Parrilla no le había notificado la Moción Informativa de 27 de febrero de 1998 y que éste había sido contumaz en el incumplimiento reiterado de las órdenes del Tribunal sobre la producción de las planillas de contribución sobre ingresos y sobre la obtención de *791 representación legal, después de transcurridos un año y cuatro meses desde la última gestión en el caso, el Tribunal emitió la siguiente notificación:

"Notificación

Certifico que en relación con Moción Solicitando Reconsideración el día 24 de marzo de 1998 el Tribunal dictó la orden que se transcribe a continuación:

"1) Se reconsidera nuestra determinación de 5 de marzo de 1998 dejando sin efecto nuestra sentencia de archivo de 27 de febrero de 1998.

2) La activación procesal del caso y la determinación final de archivo se resolverá una vez se celebre la conferencia pautada para 8 de abril de 1998.

Fdo. Francisco J. Viera Cruz, Juez"

Las partes comparecieron al Tribunal el 8 de abril, y luego de expresarse a favor de sus respectivas posiciones en cuanto a la activación del caso, el Tribunal dispuso concederle un plazo de treinta (30) días a Parrilla para conseguir representación legal y comparecer por escrito. Le ordenó, además, obtener planillas certificadas a ser entregadas a la representación legal del Citibank.
El Tribunal apercibió a Parrilla que, de incumplir, ordenaría el archivo definitivo del caso. (Véase minuta de 8 de abril de 1998, pág. 73 del caso de marras.)
El 30 de abril de 1998, Parrilla presentó moción donde hizo constar la contratación de representación legal.
III
Inconforme, Citibank recurre ante nos y señala el siguiente error:
"Erró el tribunal de instancia al decretar la reapertura del caso por orden de 8 de abril de 1998, y dejar sin efecto la Sentencia de Archivo de 27 de febrero de 1998, por el término transcurrido sin actividad en el caso y su craso incumplimiento de las órdenes del tribunal de instancia."
IV
La Regla 49.2 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, (R. 49.2) (1979), faculta al Tribunal a relevar a una parte o a su representante legal de una sentencia, orden, o procedimiento, bajo aquellas condiciones que sean justas y por los fundamentos que aparecen desglosados dentro de la misma medida. El objetivo de esta regla es armonizar dos intereses. Por un lado, el interés de que los casos sean decididos en los méritos y que se haga justicia sustancial, y, por otro lado, el interés de que los pleitos lleguen a su fin. En todos los casos en que esta regla es invocada, el tribunal tiene ante sí la tarea de sopesar cuidadosamente ambos intereses y, una vez hecho esto, decidir si acoge o rechaza la solicitud de relevo, teniendo siempre en cuenta al así hacerlo, que "las sentencias dictadas por nuestros tribunales tienen a su favor una presunción de validez y corrección." Cortés Piñeiro v. Sucesión A. Cortés, 83 D.P.R. 685, 690 (1961).
Abundando en los fines de la Regla 49.2, supra, el Tribunal Supremo de Puerto Rico ha expresado que la misma debe interpretarse liberalmente y que cualquier duda debe resolverse a favor del que solicite que se deje sin efecto la rebeldía o una sentencia, a fin de que el pleito pueda adjudicarse en los méritos. Díaz v. Tribunal Superior, 93 D.P.R. 79 (1966). No obstante, si bien el interés de que los casos se vean en sus méritos amerita protección, éste no puede bajo toda circunstancia, prevalecer sobre los intereses, igualmente justos, de la parte que ha sido diligente en que se resuelva la incertidumbre y los intereses del público en general de evitar la congestión en los calendarios y las demoras innecesarias en el trámite judicial. Fine Art. Wallpaper v. Wolff, 102 D.P.R. 450, 457 (1974); Figueroa v. Banco de San Juan, 108 D.P.R. 680, 682 (1979); Dávila v. Hospital San Miguel, 117 D.P.R. 807, 818 (1980).
Conviene señalar que la parte que solicita el remedio no sólo debe alegar los fundamentos esbozados *792 en la mencionada regla, sino los hechos específicos que justifican la moción. Esto se debe a que la regla apela a la discreción del tribunal, por lo que es necesario suministrar a éste las razones que le permitan evaluar la solicitud y ejercer su discreción adecuadamente. Díaz v. Tribunal Superior, supra, pág. 89.
En cuanto a si deben o no intervenir y, si es así, cuándo deben hacerlo, los tribunales apelativos, con aquellas resoluciones que dejan sin efecto una sentencia, ha dejado claramente establecido nuestro Tribunal Supremo en Southern Construction v. Tribunal, 87 D.P.R. 903, 905 (1963) lo siguiente:
"... el dejar sin efecto una sentencia es discrecional de los tribunales de instancia..."; "... en apelación no se intervendrá con la determinación que a ese respecto hiciere el tribunal sentenciador, a menos que se demuestre que, al proceder en la forma en que lo hizo dicho tribunal, se excedió en su discreción"-, y que "la facultad discrecional para exigir a las partes de los efectos de una sentencia, debe ejercitarse en forma literal tendente a asegurar que los pleitos se resuelvan en los méritos".
En este mismo sentido añade nuestro más alto foro: "... al dejar sin efecto una sentencia, y no debe olvidarse que en este caso fue obtenida sumariamente, se retarda la solución de los pleitos. Pero es que hay que establecer un delicado balance entre el afán, altamente deseable, de resolver los pleitos prontamente y el de concederle a la partes la oportunidad de que el tribunal conozca de la controversia en su fondo, para que se pueda hacer cumplida justicia". Id., pág. 906.
y
En el caso de autos, Citibank le imputa al Tribunal de Primera de Instancia el haber errado al dejar sin efecto la sentencia en controversia y reabrir el caso. Destaca, que Parrilla no hizo trámite alguno hasta el 28 de octubre de 1996, cuando solicitó tiempo adicional para obtener representación legal. Aduce que hubo, en su proceder, "un patrón de desinterés y una falta de diligencia" que en nada justifica el relevo de sentencia. No tiene razón Citibank en sus planteamientos.
Aunque no parece haber constado actividad alguna ante el Tribunal por un período de más de seis meses y aunque tapoco reaccionaron las partes a la orden emitida el 4 de febrero de 1998, apercibiéndoles de la posible desestimación del caso y concediéndoles la oportunidad de así evitarlo, lo cierto es que ambas partes estuvieron activas en el referido proceso de descubrimiento de prueba.
Es claro que no estamos, en este momento, ante una situación, ni ante un grado de abandono y desinterés tan alarmante como el que se produjo en el caso Dávila v. Hospital San Miguel, supra, invocado por la parte peticionaria de autos, y en el cual el Tribunal Supremo confirmó la sentencia desestimatoria en controversia. En el'mismo, la inactividad se prolongó por un largo período de tiempo de cinco años. Desde la presentación de la acción judicial en 1980, el demandante compareció al tribuna! de instancia en tan sólo una ocasión, esto en 1985, en relación con incidentes distintos a la renuncia o asunción de representación profesional de sus abogados o solicitud de transferencia de vistas. Id., pág. 814.
En dicho caso, el Tribunal Supremo concluyó que hubo una "clara y crasa falta de diligencia." en la tramitación del caso, por parte de algunos abogados que representaron al demandante en distintas etapas del mismo, y censuró, además, el constante incumplimiento de órdenes por parte del propio demandante, a pesar de haber sido siempre informado del estado de los procedimientos y de las posibles consecuencias de su falta de diligencia. Id.
Cabe destacar, en lo pertinente a autos, que el Tribunal Supremo hizo igualmente referencia en el referido caso, a la "diligencia desplegada", en esa ocasión por la parte demandada, por razón de sus gestiones en vías de descubrir prueba. Dichas gestiones incluyeron someter un interrogatorio, el que no fue contestado sino hasta dos años más tarde. Id., pág. 811, nota al calce número 3.
Conforme a todo lo anterior, si bien reconocemos que hubo en el caso de marras algún grado de inactividad y, asimismo, de descuido por parte de Parrilla, no creemos que ello justifique de forma alguna que revoquemos la decisión del Tribunal de Primera Instancia de fecha de 8 de abril de 1998, mediante la cual se deja sin efecto la sentencia desestimatoria y se ordena reabrir los procedimientos.
*793 Además de esto, no podemos olvidar que la reclamación de autos podría ciertamente ser una genuinamente válida y que amerite tener su día en corte. Resulta razonable, al mismo tiempo, pensar que el no dilucidar la presente controversia en sus méritos, podría acarrear graves consecuencias a los reclamantes de epígrafe, puesto que su estabilidad personal y la de sus hogares depende en gran medida de la de sus empleos.
En cuanto a Citibank, no ha alegado ésta ni tampoco demostrado que la reapertura del caso le provoque un daño mayor. Ausente el perjuicio que se le pudiera ocasionar a la otra parte, se debe propiciar la adjudicación en los méritos. Román Cruz v. Díaz Rifas, 113 D.P.R. 500 (1982); J.R.T. v. Missy Mfg. Corp., 99 D.P.R. 805 (1971).
Concluimos finalmente, examinada la totalidad de las circunstancias procesales de este caso y el derecho aplicable, que no estamos ante un caso extremo de abandono a los que alude la jurisprudencia para imponer la drástica medida de privar al litigante de su día en corte; ni ante una medida que pueda ocasionarle graves consecuencias a la parte peticionaria. A tenor con esto, declinamos intervenir con la discreción ejercida por el foro de instancia, al dejar sin efecto la sentencia de 27 de febrero de 1998.
Confirmamos, por estos motivos, la resolución cuestionada ante este foro.
Lo acordó y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General