ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| **ROSA ANNETTE DÍAZ BURLEY; REGINA ANNE DÍAZ BURLEY**<br><br>Recurrida<br><br>v.<br><br>**ISAURA ALVAREZ; MIEMBROS DE LA SUCESIÓN XYZ; Personas Desconocidas A, B, C; JOHN DOE CALLE LIRIO, TOA ALTA PR**<br><br>Peticionarios | KLCE202300850 | **CERTIORARI** procedente del Tribunal de Primera Instancia, Sala Superior de **Bayamón**<br><br>Civil Núm.: **BY2023CV00861**<br><br>Sobre: Interdicto Posesorio |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores.

Cintrón Cintrón, Jueza Ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 28 de septiembre de 2023.

Comparece ante nos la Sra. Isaura Álvarez Padín (señora Álvarez Padín o peticionaria) y nos solicita la revisión de la *Orden* emitida y notificada el 19 de julio de 2023, por el Tribunal de Primera Instancia (TPI), Sala Superior de Bayamón que declaró *No Ha Lugar* la *Moción de Reconsideración* presentada por la peticionaria. Por medio de dicha denegatoria, el foro de instancia sostuvo una *Orden* dictada el 22 de junio de 2023, mediante la cual rechazó la solicitud de relevo de sentencia instada por la peticionaria.

Por los fundamentos que expondremos a continuación, denegamos la expedición del auto de *certiorari* solicitado.

### I.

El 15 de febrero de 2023, la Sra. Annette Díaz Burley y la Sra. Regina Anne Díaz Burley (recurridas) presentaron una *Demanda* de

Interdicto Posesorio en contra de la señora Álvarez Padín, entre otros, en la cual alegaron que eran las dueñas de la siguiente propiedad denominada "La Finca":

> "DESCRIPCIÓN RÚSTICA: Predio de terreno radicado en el Barrio Quebrada Cruz dentro del término Municipal de Toa Alta, Puerto Rico, compuesta de 27.33 cuerdas, colindando al NORTE, con Gumersindo Rivera, al SUR, con la finca de la cual se segrega, así como al OESTE y ESTE, con Rio la Plata."

Adujeron que adquirieron el referido terreno por herencia en el 2017 y que la ocupaban, disfrutaban y poseían en calidad de dueño desde ese entonces. Añadieron que estaban en la posesión pacífica, continua e ininterrumpida de dicho predio por el término de un (1) año con anterioridad a que fueran perturbadas por las acciones de la señora Álvarez Padín. Esbozaron que procedía que se dictara un interdicto posesorio para que la peticionaria respetara su posesión sobre La Finca y las colindancias. Además, para que no entrara a dicho predio de forma arbitraria.

Las recurridas contrataron a un agrimensor para realizar una mensura a La Finca. Como parte del trabajo contratado, el agrimensor realizó un plano de mensura el cual establecía los puntos de colindancia de La Finca. El 13 de febrero de 2023, en presencia de las recurridas, procedió a marcar los puntos físicamente. En la demanda, las recurridas adujeron que la señora Álvarez Padín arrancó uno de los puntos de colindancia, bajo el fundamento de que dicho terreno era de su propiedad. Además, que esta instaló en la referida área dos (2) pilotes consistentes de zapatas rellenas de cemento y de donde se sostienen unos tubos de metal, con la aparente intención de colocar un portón de entrada y salida de un predio a otro, para utilizar el camino privado dentro de La Finca como acceso a su propiedad. Asimismo, precisaron que el plano de mensura preparado por el agrimensor representaba claramente los puntos de colindancia y que la señora Álvarez Padín

no los respetaba, perturbando su posesión pública y pacífica y ejecutando acciones ilegales sin su autorización ni consentimiento.

En suma, las recurridas requirieron al TPI su intervención para retener la posesión plena de la totalidad de su propiedad y que concediera los siguientes remedios:

a) Interdicto ordenando a los codemandados a cesar y desistir de realizar cualquier acción y/u omisión mediante la cual está privando a las demandantes de la posesión y del uso y disfrute pleno y pacífico de la totalidad de LA FINCA;

b) Interdicto ordenando a los codemandados a no entrar y/o que desaloje el espacio de terreno dentro de La FINCA que ha ocupado sin la autorización de Las Demandantes, ni la autoridad legal para ello;

c) Ordenara a los codemandados a que de inmediato remueva los pilotes que ha construido, y que se abstenga de instalar y/o construir más pilotes, portón y/o cualquier otra estructura que les permita acceso a La FINCA de las Demandantes y/o que caiga dentro de la misma.

d) Prohibiera a la codemandada a realizar cualquier construcción y/o instalación de objetos o construcciones de cualquier índole en La FINCA mientras se ventila el pleito;

e) Ordenara a la parte codemandada que cesara y desistiera de quitar los puntos de referencia que marcan y delimitan la colindancia de La FINCA.

f) Condenara a la codemandada a pagar una suma no menor de $30,000.00 como parte de las costas, gastos de peritaje, honorarios de abogados, así como, cualquier gasto incidental que fuera necesario que las demandantes incurran como parte de los procedimientos;

g) Emitiera cualquier otro pronunciamiento y concediera cualquier otro remedio que en Derecho proceda.

El 14 de marzo de 2023, el TPI celebró una *Vista de Interdicto Posesorio*, a la cual comparecieron las recurridas junto a su representante legal y la señora Álvarez Padín por derecho propio. En la vista, la señora Álvarez Padín informó al Tribunal que no se encontraba capacitada para representarse a sí misma, por lo que solicitó un término de 30 días para contratar un representante legal.

A su solicitud, el Tribunal le concedió hasta el 30 de marzo de 2023.[1]

Luego de varios trámites procesales, el 14 de abril de 2023, se celebró una segunda *Vista de Interdicto Posesorio,* a la cual no compareció la señora Álvarez Padín, por lo que se le anotó la rebeldía. Como parte de los procedimientos de la vista, se presentó prueba que fue admitida en evidencia.[2]

El 25 de abril de 2023, el TPI emitió una *Sentencia* en la cual declaró *Ha Lugar* el interdicto posesorio y ordenó a la señora Álvarez Padín a cesar y desistir su conducta, a reestablecer las colindancias y a no entrar a la finca perteneciente a las recurridas. Cónsono con lo anterior, el TPI emitió las siguientes determinaciones de hechos:

1. Del Registro Inmobiliario Digital del Estado Libre Asociado, Sección Demarcación Bayamón 0203 – Toa Alta, **surge que las Demandantes, Rosa Annette Díaz Burley y Regina Ana Díaz Burley, son dueñas del inmueble** identificado de la siguiente manera:

   DESCRIPCIÓN RÚSTICA: Predio de terreno radicado en el Barrio Quebrada Cruz dentro del término Municipal de Toa Alta, Puerto Rico, compuesta de 27.33 cuerdas, colindando al NORTE, con Gumersindo Rivera, al SUR, con la finca de la cual se segrega, así como al OESTE y ESTE, con Rio la Plata.

   TRACTO REGISTRAL: se segrega de la finca #822, inscrita al folio 167 vuelto del tomo 17 de Toa Alta.

   FINCA 1653.

2. **La referida Finca está registrada a nombre de las Demandantes en el Centro de Recaudación de Ingresos Municipales** (por sus siglas CRIM) bajo el catastro número 112-000-006-62-000.

3. La Finca fue adquirida por las Demandantes libre de cargas, gravámenes y al día en que se presentó la prueba, no está gravada con servidumbre alguna.

---

[1] *Minuta,* apéndice del recurso, págs. 17-18.

[2] Los documentos admitidos como evidencia fueron: (1) Copia de Plano de Mensura de la Finca #1,653, preparado por el Agrimensor José A. Meléndez Meléndez; (2) Set de 11 Fotografías; (3) Documento oficial del Registro Inmobiliario Digital del Estado Libre Asociado de Puerto Rico, Folio Karibe, para la Finca número 1653, Demarcación BY0302-Toa Alta, consta de (3) folios; (4) Copia de Recibo de Pago – Documento oficial emitido por el Centro de Recaudación de Ingresos Municipales (CRIM) consta de dos (2) folios; (5) Visual del Portal Catastro Digital y Productos Cartográficos del CRIM para el inmueble con catastro 112-000-006-62; (6) Set de 12 fotografías. Apéndice del recurso, págs. 31-33.

4. Por ser La Finca una propiedad que perteneció a la familia de las Demandantes, éstas han estado visitando la misma desde temprana edad. **Es decir que, las Demandantes a pesar de haber adquirido La Finca como dueñas en el año 2017**, éstas están muy conscientes de sus colindancias, entradas y estructuras dentro de la misma.

5. Las Demandantes han estado en la posesión pacifica, continua e ininterrumpida de La Finca de un (1) año de anterioridad a que fuera perturbadas en la posesión de la misma, por la parte demandada, Isaura Álvarez Padín. Para efectos del presente recurso de interdicto posesorio, los Demandantes han estado en posesión de La Finca cuanto menos desde febrero del 2022 hasta febrero del 2023; y al momento de la vista continúan en la posesión de la misma.

6. Por tanto, la presente Demanda sobre Petición de Interdicto Posesorio se presentó dentro del término de un (1) año, de que la demandada perturbara la posesión de las Demandantes en La Finca objeto del presente pleito, según lo requerido por nuestro ordenamiento jurídico.

7. Luego que La Finca les fue adjudicada a las Demandantes, estas procedieron a contratar los servicios del Agrimensor José A. Meléndez Meléndez, con licencia vigente número 12278, para que procediera a levantar un plano de mesura de La Finca.

8. Así las cosas, luego de las correspondientes preguntas de rigor, el Agrimensor José A. Meléndez Meléndez fue cualificado por este Foro como perito en materia de Agrimensura.

9. El perito Agrimensor luego de evaluar diferentes documentos relacionados y visitado el Registro de la Propiedad y La Finca en varias ocasiones, levantó un Plano de Mensura el cual fue admitido como Exhibit número 1 de la Demandante. Dicho plano tiene fecha de diciembre del 2022.

10. El referido plano delimita claramente las colindancias de La Finca de las Demandantes y los predios colindantes. [...][3]

11. De conformidad al testimonio pericial y prueba documental desfilada por conducto del perito Agrimensor José A. Meléndez Meléndez la cual nos merece credibilidad, el lunes, 13 de febrero de 2023, el Agrimensor en presencia de las Demandantes,

---

[3] Véase, Apéndice de la *Petición de Certiorari,* pág. 7.

procedió a marcar físicamente en La Finca (mediante el procedimiento y uso de los equipos técnicos reconocidos en su industria) los puntos de la colindancia Sur, según el plano de mensura preparado previamente por éste.

12. El mismo lunes, 13 de febrero del 2023, la demandada, Isaura Álvarez Padín, arrancó los puntos de referencia colocados por el Agrimensor. Uno de los puntos de colindancia marcado por el Agrimensor coincidía con el portón de entrada a La Finca de las Demandantes. Por lo que, cuando la demandada arrancó el mismo también arrancó el portón de entrada de La Finca y que da acceso al camino privado dentro de La Finca de las Demandantes.

[...]

14. Los puntos que fueron removidos por la demandada, Isaura Álvarez Padín, están reflejados en el Plano de Mensura (Exhibit de la Demandante 1) bajo los números 216, 241, 215, 43, 35, 34, 30 y 31.

15. El Agrimensor testificó que los puntos de colindancia son correctos, por lo que la demandada, Isaura Álvarez Padín, no tiene derecho de remover los mismos.

16. El Plano de Mensura preparado por el Agrimensor representa claramente los puntos de colindancias de La Finca, y la parte demandada, Isaura Álvarez Padín, al removerlos no respetó la colindancia de La Finca que está bajo la posesión de las Demandantes desde el 2017, y de la familia de éstas hace más de cincuenta (50) años.

17. Cada vez que la parte demandada, Isaura Álvarez Padín, remueve los puntos de colindancia de La Finca de las Demandantes, perturba y atenta contra la posesión pública y pacífica que tienen las Demandantes sobre su propiedad.

18. Las Demandantes tienen derecho de disfrutar su propiedad de forma pública y pacífica, y sin que la demandada, Isaura Álvarez Padín, atente contra dicho disfrute.

19. El 13 de febrero de 2023, mientras el Agrimensor marcaba los puntos de colindancia en presencia de las Demandantes, tanto el Agrimensor como las demandantes se percataron que la demandada, Isaura Álvarez Padín, instaló en el mes de febrero de 2023 dentro de los predios de La Finca de las Demandantes dos pilotes consistentes de zapatas rellenas de cemento y de donde se sostienen y sobresalen tubos de metal con la intención de

colocar un portón de entrada y salida de un predio a otro.

20. La instalación de dichos pilotes por la parte demandada era una intención inequívoca de instalar un portón para utilizar el camino privado de La Finca de las Demandantes como acceso al predio colindante al Sur de la misma, lo que en efecto hizo posteriormente, y surge de los Exhibits de la Demandante 6 (a), 6 (b), 6 (c), 6 (d) y 6 (e).

[...]

22. A partir del mes de febrero del 2023, la parte demandada, Isaura Álvarez Padín, ha actuado ilegalmente y contrario a derecho, instalando pilotes en terreno de las Demandantes con la clara intención de poner un portón de entrada y salida de un predio de terreno a otro y arrancando los puntos que delimitan la colindancia Sur; todo ello sin la autorización ni consentimiento de Las Demandantes, perturbando así la posesión de éstas.

[...]

25. Las actuaciones de la parte demandada, Isaura Álvarez Padín, de retirar y/o sacar los puntos de colindancia de La Finca, retirar y/o sacar el portón de entrada de La Finca de las Demandantes, y construir unos pilotes consistentes de zapata rellena de cemento con la intención de poner un portón de entrada y salida dentro de los predios de La Finca de las Demandantes reflejan una clara intención de la demandada, Isaura Álvarez Padín, en inquietarle, perturbarle y despojarle de la posesión quieta y pacífica que tienen las Demandantes sobre su Finca.

Así las cosas, el foro *a quo* concluyó lo siguiente:

En el caso de autos, quedó claramente establecido que las Demandantes, señoras Rosa Annette y Regina Anne, ambas de apellidos Díaz Burley, tienen la posesión y el control de la totalidad de La Finca 1653, inscrita en el Registro de la Propiedad, Sección de Bayamón- Toa Alta, y con número de catastro 112-000-006- 62-000 en el C.R.I.M., a sus respectivos nombres por razón de adjudicación hereditaria.

Sin embargo, a partir del mes de febrero de 2023, las Demandantes han sido perturbadas en la posesión que ostentan de La Finca por actuaciones cometidas por la demandada, Isaura Álvarez Padín. Las actuaciones de la demandada, consistentes de entrar a La Finca de las Demandantes y remover los puntos de colindancia que instaló el Agrimensor José A. Meléndez Meléndez, según

un plano de mensura preparado por su persona, incluyendo el del portón de entrada de La Finca, así como instalar un portón dentro de La Finca de las Demandantes, constituyen una perturbación contra la posesión y tenencia de las Demandantes de La Finca 1653.

Las Demandantes demostraron a cabalidad su derecho a retener la posesión y tenencia de La Finca, sin que sean inquietadas ni molestadas. Las actuaciones llevadas a cabo por la demandada ameritan la intervención de este Foro para salvaguardar que las Demandantes puedan disfrutar plenamente de La Finca, sin tener molestias ni temores.

El 5 de junio de 2023, la señora Álvarez Padín presentó una *Urgente Solicitud de Relevo de Sentencia y de Anotación de Rebeldía.* Mediante dicho escrito, expuso que la sentencia emitida era unilateral y conveniente para las recurridas, lo cual impedía el acceso de ésta a su propiedad enclavada. Alegó que ostentaba el derecho a una servidumbre de paso que ella, vecinos y familiares habían utilizado por décadas. Argumentó que las recurridas obtuvieron un interdicto sobre un camino público. Añadió que descubrió prueba nueva, la cual anejó a su escrito, para demostrar la defensa de la coposesión en el contexto del uso y disfrute de un camino vecinal.[4] También alegó ausencia del cumplimiento del requisito de un (1) año por parte de las recurridas y solicitó el relevo de la anotación de la rebeldía. El 21 de junio de 2023, las recurridas se opusieron a lo anterior, por entender que el aludido escrito era una reconsideración fuera del término dispuesto para ello y por no cumplir con las disposiciones de la Regla 49.2 de Procedimiento Civil, *infra.*

Examinados los escritos de las partes, el 22 de junio de 2023, el TPI emitió una *Orden* en la cual declaró *No Ha Lugar* la solicitud de relevo de sentencia.

---

[4] Los anejos fueron los siguientes: Declaración jurada de Isaura Álvarez, Declaraciones juradas de Juan Román Ramírez, Delia Chevres del Valle, Adrián Chevres del Valle, Declaración jurada de Carlos Rosario, Certificación de LUMA, Escritura sobre hipoteca voluntaria, Escritura sobre segregación y compraventa de 1957, Escritura sobre segregación y compraventa de 1945.

Inconforme, el 30 de junio de 2023, la señora Álvarez Padín presentó *Moción de Reconsideración.* En su comparecencia, levantó el argumento de no ostentar una apropiada representación legal, por lo que no pudo tener un adecuado acceso a la justicia. A su vez, arguyó que la *Sentencia* recurrida fue producto de un proceso en el que no contó con representación legal alguna que pudiese vindicar adecuadamente sus derechos. Así las cosas, el 19 de julio de 2023, el TPI declaró *No Ha Lugar* la moción de reconsideración presentada por la señora Álvarez Padín.

Aún en desacuerdo, 3 de agosto de 2023, la señora Álvarez Padín acudió ante este Tribunal de Apelaciones. Mediante su recurso, alegó que el foro primario cometió los siguientes errores:

> Primer Error: Erró el Honorable Tribunal de Primera Instancia al denegar una Urgente Moción de Relevo de Sentencia a pesar de haberse presentado 10 documentos nuevos que demostraban la improcedencia [del] interdicto posesorio, siendo esto una interpretación restrictiva y contrario a la jurisprudencia interpretativa liberal.

> Segundo Error: Erró el Tribunal de Primera Instancia al denegar el relevo de la anotación de Rebeldía a pesar de haberse justificado la incomparecencia de la Sra. Álvarez a la vista del 14 de abril de 2023, siendo esto una interpretación restrictiva y contrario a la jurisprudencia interpretativa liberal.

El 10 de agosto de 2023, mediante *Resolución,* concedimos a las recurridas 20 días para presentar su alegato en oposición. El 24 de agosto de 2023, las recurridas presentaron *Alegato en Oposición a Expedición del Auto de Certiorari.*

Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

**II.**

**A.**

El recurso de *certiorari* es el mecanismo procesal idóneo para que un tribunal de superior jerarquía pueda enmendar los errores que cometa el foro primario, ya sean procesales o sustantivos. *Rivera*

*Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros*, 2023 TSPR 65, resuelto el 8 de mayo de 2023; *Torres González v. Zaragoza Meléndez*, 2023 TSPR 46, resuelto el 12 de abril de 2023; *León v. Rest. El Tropical*, 154 DPR 249 (2001). La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone taxativamente los asuntos que podemos atender mediante el referido recurso. *Caribbean Orthopedics v. Medshape, et al.*, 207 DPR 994 (2021); *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478 (2019).[5]

Sin embargo, distinto al recurso de apelación, la expedición del auto de *certiorari* está sujeta a la discreción del foro revisor. La discreción consiste en una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión ecuánime. Ahora bien, no significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción. *García v. Padró*, 165 DPR 324, 334-335 (2005).

Así, para que este Foro pueda ejercer con mesura la facultad discrecional de entender, o no, en los méritos, una petición de *certiorari,* la Regla 40 del Reglamento del Tribunal de Apelaciones enumera los criterios que viabilizan dicho ejercicio. En particular, la referida Regla dispone lo siguiente:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

---

[5] El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo.  No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Regla 52.1 de Procedimiento Civil, *supra*.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Los criterios antes transcritos nos sirven de guía para poder, de manera sabia y prudente, tomar la determinación de si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). De no encontrarse presente alguno de los criterios anteriormente enumerados en un caso ante nuestra consideración, no procede nuestra intervención.

Además, es importante enfatizar que todas las decisiones y actuaciones judiciales se presumen correctas y le compete a la parte que las impugne probar lo contrario. *Vargas v. González,* 149 DPR 859, 866 (1999).

**B.**

Nuestro ordenamiento jurídico provee el medio del interdicto posesorio para retener o recobrar la posesión material de una propiedad inmueble, a instancia de parte interesada, siempre que ésta demuestre, a satisfacción del tribunal, que ha sido perturbada en la posesión o tenencia de dicha propiedad por actos que manifiesten la intención de inquietarle o despojarle, o cuando haya sido ya despojada de dicha posesión o tenencia. Artículo 690 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3561.

Por su parte, el Art. 691 del Código de Enjuiciamiento Civil, establece los requisitos necesarios para la presentación del interdicto posesorio. Estos son: (1) que el demandante, dentro del año precedente de la presentación de la demanda, estaba en la posesión real de la propiedad que en dicha demanda se describe, si se trata de recobrarla, y estaba y está, si de retenerla, (2) que ha sido perturbado o despojado de dicha posesión o tenencia, (3) describir claramente los hechos constitutivos de la perturbación o despojo y (4) establecer si dichos actos fueron realizados por el demandado o por otra persona por orden de éste. 32 LPRA sec. 3562.

El mencionado interdicto ordenará que el demandante sea restablecido en la posesión y requerirá al perturbador para que en lo sucesivo se abstenga de cometer tales actos u otros que manifiesten el mismo propósito, bajo apercibimiento de desacato al tribunal por desobediencia al predicho *injunction*. Art. 695 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3566.

### C.

Los remedios *postsentencia* son revisables ante este foro apelativo mediante el auto de *certiorari*. Sabido es que toda sentencia dictada por un tribunal tiene a su favor una presunción de validez y corrección. *López García v. López García,* 200 DPR 50 (2018). No obstante, en nuestro derecho procesal civil existe el relevo de sentencia como mecanismo *postsentencia* que capacita al juzgador a eliminar o modificar su dictamen, con el objetivo de hacer justicia.[6] Este remedio es extraordinario, discrecional y se utiliza para impedir que tecnicismos y sofisticaciones frustren los fines de la justicia. *Vázquez v. López,* 160 DPR 714, 725 (2003).

---

[6] *Piazza v. Isla del Río, Inc.,* 158 DPR 440 (2003); *Ortiz Serrano v. Ortiz Díaz,* 106 DPR 445, 449 (1977); *Southern Construction Co. v. Tribunal Superior,* 87 DPR 903, 905-906 (1963).

La Regla 49.2 de Procedimiento Civil establece que, mediante una moción y bajo aquellas condiciones que sean justas, se podrá relevar a una parte de una sentencia por los siguientes fundamentos:

(a) error, inadvertencia, sorpresa o negligencia excusable;
(b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48 de este apéndice;
(c) fraude (incluso el que hasta ahora se ha denominado "intrínseco" y el también llamado "extrínseco"), falsa representación u otra conducta impropia de una parte adversa;
(d) (d) nulidad de la sentencia;
(e) (e) la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continúe en vigor, o
(f) (f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.

Las disposiciones de esta regla no serán aplicables a las sentencias dictadas en pleitos de divorcio, a menos que la moción se funde en los incisos (c) o (d) de esta regla. La moción se presentará dentro de un término razonable, pero en ningún caso después de transcurridos seis (6) meses de haberse registrado la sentencia u orden o haberse llevado a cabo el procedimiento. Una moción bajo esta regla no afectará la finalidad de una sentencia, ni suspenderá sus efectos.

[…]

32 LPRA Ap. V, R. 49.2.

Bajo la antedicha Regla, y como norma general, las mociones de relevo de sentencia deben presentarse dentro de un término razonable, pero en ningún caso después de transcurridos seis (6) meses de haberse registrado la sentencia. *HRS Erase v. CMT*, 205 DPR 689, 698 (2020). Ahora bien, reiteradamente se ha establecido que el remedio de reapertura no es una llave maestra para reabrir a capricho el pleito ya adjudicado. *Piazza v. Isla del Río, Inc.*, 158 DPR 440 (2003). Es importante consignar que una moción de relevo de sentencia no puede sustituir los recursos procesales de reconsideración o apelación. *Olmeda Nazario v. Sueiro Jiménez*, 123

DPR 294, 299 (1989). Sin embargo, en ciertas instancias puede concederse aún después de que la sentencia haya advenido final y firme. *Piazza v. Isla del Río, Inc.,* supra*; Pagán v. Alcalde Mun. de Cataño,* 143 DPR 314, 328 (1997).

Para otorgar un remedio contra los efectos de una sentencia, el tribunal debe determinar si bajo las circunstancias específicas del caso existen razones que justifiquen tal concesión. (Citas omitidas). Así, si la parte que solicita el relevo aduce una buena defensa —además de alguna de las circunstancias previstas en la Regla 49.2 de Procedimiento Civil, *supra*— y el relevo no ocasiona perjuicio alguno a la parte contraria, este debe ser concedido. *García Colón et al v. Sucn. González,* 178 DPR 527, 540-541 (2010).

### III.

En el presente recurso, la peticionaria alega, en síntesis, que erró el foro recurrido al denegar la moción de relevo de sentencia, a pesar de haber presentado 10 documentos nuevos que demostraban la improcedencia del interdicto posesorio concedido a favor de las recurridas. Además, arguye que erró el TPI al denegar el relevo de la anotación de rebeldía, al entender que justificó su incomparecencia a las vistas citadas. No le asiste la razón.

Surge del expediente ante nuestra consideración, que las recurridas son, en efecto, las poseedoras y tienen el total control de La Finca. También surge que, como parte de los procedimientos llevados a cabo en el foro primario, la peticionaria fue debidamente emplazada y posteriormente citada a una *Vista de Interdicto Posesorio.* En la referida citación, la peticionaria fue apercibida de que, de no comparecer a la vista, se podría considerar como una aceptación, tanto de los hechos alegados en la demanda, como del remedio solicitado.

En su *Sentencia* del 25 de abril de 2023, el TPI detalló los diferentes trámites y oportunidades concedidas a la peticionaria

para contratar representación legal. Entre estos se encuentran los siguientes: (1) se le citó en corte abierta para la vista del 14 de abril de 2023 y (2) se le notificó en la citación expedida el 28 de febrero de 2023 que, de no comparecer, se tomaría como una aceptación de los hechos de la demanda y del remedio solicitado.

Así las cosas, es un hecho que, desde la fecha de la *Vista de Interdicto Posesorio* hasta la fecha en que el TPI emitió la *Sentencia* recurrida, la peticionaria no justificó su incomparecencia. Ésta se limitó a establecer en el presente recurso que la evidencia nueva presentada en el caso no pudo ser descubierta anteriormente, pues no contaba con representación legal. Añade que no fue hasta luego de emitida la sentencia, y transcurrido el término para la presentación de una moción de reconsideración, que advino en conocimiento de dicha evidencia consistente en escrituras suscritas en el 1945, 1957, 1963 y 2018, respectivamente. Insiste en el argumento de que, en efecto, el terreno en controversia se trata de un canino público, por lo que las recurridas no tenían derecho a la concesión de un interdicto posesorio a su favor.

Analizado el expediente, colegimos que la peticionaria no ha acreditado que se cumple algunas de las razones que establece la Regla 49.2 de Procedimiento Civil, *supra.* Como es sabido, este Tribunal no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitaría un perjuicio sustancial. Nada de lo anterior fue demostrado por la peticionaria en su escrito. Por ende, no procede la expedición del auto de *certiorari* solicitado.

## IV.

Por los fundamentos anteriormente expuestos, se deniega la expedición del auto de *certiorari* solicitado.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones