SOUTHERN CONSTRUCTION CO., INC., peticionaria, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE MAYAGÜEZ, HON. FRANK VIZCARRONDO VIVAS, JUEZ, demandado; JACINTO CASABLANCA, JR., interventor.

*Número:* C-62-33 *Resuelto:* 29 de marzo de 1963

*Beverley, Castro & Rodríguez Lebrón* y *William Beverley,* abogados de la peticionaria; *Enrique Alcaraz Casablanca,* abogado del interventor.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Rigau y Dávila.

EL JUEZ ASOCIADO SEÑOR DÁVILA emitió la opinión del Tribunal.

Jacinto Casablanca Jr. subcontrató con la Southern Construction Co., Inc. la construcción de una obra. Surgieron inconvenientes en la realización del trabajo y Casablanca alega que la actuación de la Southern Construction le ocasionó daños. En la demanda radicada para resarcirse se expone que "[l]a demandada exigió repetidamente al demandante permanecer en el área de construcción con todo su equipo y personal pero le impidió trabajar en su sub-contrato al no hacerle entrega de los terrenos debidamente preparados para que el demandante pudiera trabajar en su proyecto, obligándolo así repetidas veces a detener su trabajo y permanecer con su maquinaria y personal ociosos, todo ello por la culpa y negligencia de la demandada."

La demandada solicitó se dictara sentencia sumaria. Alegó que no existía controversia sobre los hechos y que el contrato proveía para situaciones como la que servía de razón de pedir al disponer en su Artículo III(d) que "Si el subcontratista tuviere demoras en su trabajo a causa del contratista, el término para completar las obras se entenderá extendido por un término igual al de la demora causada, pero sólo si una reclamación por escrito es presentada al Contratista dentro de cuarenta y ocho horas contadas desde el comienzo de dicha demora".(1)

---

(1) Así lee la versión inglesa:

"Should Sub-Contractor be delayed in his work by Contractor then Contractor shall owe Sub-Contractor therefor only an extension of time for

Se dictó sentencia sumaria con fecha 25 de enero de 1962 desestimándose la demanda. El 5 de febrero siguiente el demandante radicó una moción interesando que se dejara sin efecto la sentencia sumaria dictada y se permitiera radicar una demanda enmendada. El tribunal de instancia así lo determinó y para revisar su actuación expedimos auto de certiorari.

 El dejar sin efecto una sentencia es discrecional de los tribunales de instancia. *Iturriaga* v. *Fernández*, 78 D.P.R. 31 (1955) ; *Greer* v. *Pérez*, 59 D.P.R. 574 (1941) ; *Piris* v. *Hernández*, 59 D.P.R. 703 (1942) ; *Parker* v. *Broadcast Muser, Inc.*, 289 F.2d 313 (2do. Cir. 1961) ; *Negrón* v. *Peninsular Navigation Corp.*, 279 F.2d 859 (2do. Cir. 1960). En *Iturriaga* reiteramos la norma de que ". . . en apelación no se intervendrá con la determinación que a ese respecto hiciere el tribunal sentenciador, a menos que se demuestre que al proceder en la forma en que lo hizo dicho tribunal se excedió en su discreción". En *Sellés* v. *Buxó*, 51 D.P.R. 509 (1937) (2) expusimos la norma generalmente aceptada de que la facultad discrecional para eximir a las partes de los efectos de una sentencia debe ejercitarse en forma liberal tendente a asegurar que los pleitos se resuelvan por sus méritos.

 La Regla 49.2 de las de Procedimiento Civil dispone que "[m]ediante moción y bajo aquellas condiciones que sean justas el tribunal podrá relevar a una parte o a su representante legal de una sentencia . . . por las siguientes razones (1) error, inadvertencia, sorpresa o negligencia excusable".

completion equal to the delay caused and then only if a written claim for delay is made to Contractor within forty-eight hours from the time of the beginning of the delay."

(2) Los casos de este Tribunal de fechas anteriores al 1ro. de septiembre de 1943 cuando entraron a regir las primeras Reglas de Enjuiciamiento Civil, interpretaban el Art. 140 de nuestro Código de Procedimiento Civil que correspondía al Art. 473 del Código de Procedimiento Civil de California sustancialmente igual a la Regla 60(b) Federal e igual a la 60(b) de las Reglas de 1943 y similar a la 49.2 de las de 1958. Por esa razón todavía tienen virtualidad.

Ahora bien, la discreción que debe ejercer el juez en estos casos como toda discreción judicial, debe estar basada en un sereno y ponderado juicio que considere todos los factores concomitantes teniendo siempre presente la razón de ser de su ministerio: hacer justicia. "Tal decisión debe estar basada en una sana discreción, fundada en una justa consideración de toda la evidencia y arraigada en principios de justicia. No es una discreción arbitraria sino una discreción imparcial, guiada por principios legales 'a ser ejercitados de conformidad con el espíritu de la ley, y de manera que adelante, y no obstruya o atrase, los fines de la justicia'." *Caton* v. *Caton*, 280 P.2d 876 (Calif. 1955). Se alega que al dejar sin efecto una sentencia, y no debe olvidarse que en este caso fue obtenida sumariamente, se retarda la solución de los pleitos. Pero es que hay que establecer un delicado balance entre el afán, altamente deseable, de resolver los pleitos prontamente, y el de concederle a las partes la oportunidad de que el tribunal conozca de la controversia en su fondo, para que se pueda hacer cumplida justicia. Ver *In re Strobeck's State*, 245 P.2d 317 (Calif. 1952).

■ En *United States* v. *Gould*, 301 F.2d 353 (5to. Cir. 1962) se cita lo siguiente de 7 Moore's *Federal Practice,* Sec. 6019, pág. 225 (2da. ed) que establece las normas que deben tenerse presente al considerar una moción para dejar sin efecto una sentencia:

"Cuando la corte de distrito tiene la facultad de actuar, a tenor con las disposiciones de la Regla 60(b), los factores y consideraciones relevantes que puede considerar al ejercitar su discreción son: la conveniencia de que una sentencia final no sea fácilmente alterada; que el procedimiento provisto por la Regla 60(b) no es un substituto para una apelación; que la Regla debe ser liberalmente interpretada para lograr justicia substancial; si, aunque la moción sea hecha dentro del tiempo autorizado, si alguno, que dispone la Regla, se presentó dentro de un tiempo razonable; si el remedio se solicita de una sentencia dictada en rebeldía o por desestimación, en la cual no ha habido consideración en sus méritos; si en ese caso en particular

el interés de que los casos se resuelvan por sus méritos sobrepasa el interés del orden en los procedimientos y la finalidad en las sentencias; y si existen méritos en la defensa o reclamación, según sea el caso; si el remedio que se solicita lo es para una sentencia dictada luego de un juicio en sus méritos; si el peticionario tuvo oportunidad razonable de presentar su reclamación o defensa; si hay consideraciones de equidad que harían injusto el conceder remedio; y cualquier otro factor que sea relevante a la razón de la sentencia bajo ataque, teniendo siempre en mente que el principio de finalidad de las sentencias sirve un propósito muy útil a la sociedad, a las cortes y a los litigantes —en una palabra, a todos los interesados."

Con estas normas presentes, consideremos la situación que tuvo ante sí el juez recurrido para así poder determinar si abusó de su discreción al dejar sin efecto la sentencia sumaria.

En la alegación que arriba transcribimos el demandante afirma que la demandada no le hizo "entrega de los terrenos debidamente preparados para que el demandante pudiera trabajar en su proyecto obligándolo así repetidas veces a detener su trabajo y permanecer con su maquinaria y personal ociosos todo ello por la culpa y negligencia de la demandada".

El tribunal al resolver sobre la solicitud para que se dictara sentencia sumaria consideró la alegación transcrita como que simplemente alegaba que la demandada había ocasionado demoras al demandante en la ejecución de la obra y aplicó la disposición contractual invocada. Pero con la moción para que se dejara sin efecto la sentencia sumaria se acompañó una demanda enmendada en la cual se amplía la alegación contenida en la demanda original.(³) Y la Re-

---

(³) Los hechos adicionales son los siguientes:

"Que la demandada, negligentemente, y a sabiendas de que los terrenos no estaban preparados para el demandante continuar los trabajos requirió y obligó, bajo amenaza de dar por terminado el contrato, al demandante, a permanecer en los terrenos con maquinaria y equipo desocupado y todo su personal a sabiendas de que era innecesario.

"Que la demandada, por su contratista, SAM P. WALLACE, y por otros agentes destruyó obras terminadas por el demandante que éste tuvo que

gla 13.1 de las de Procedimiento establece que "el permiso [para enmendar una alegación] se concederá liberalmente cuando la justicia así lo requiera". De la demanda enmendada surge clara una controversia de hechos.

■ En este caso coinciden los requisitos que Moore apunta deben considerarse para que proceda dejar sin efecto una sentencia. La moción fue radicada apenas diez días después que se dictó la sentencia; no ha habido consideración de los méritos del caso y ciertamente se hace más justicia considerando el caso en su fondo que manteniendo la sentencia dictada. En relación con el precepto del Código de Procedimiento Civil de California del cual se deriva la Regla 49.2 se dijo: "El propósito mismo de la sección 473 es dar a una parte 'la oportunidad de reparar el daño causado por su falta, o la de su abogado, al no demostrar lo que debió, siempre que tal falta se deba, claro está, a error, inadvertencia, sorpresa o negligencia excusable'." *Bergloff* v. *Reynolds,* 5 Cal. Rptr. 461 (1960); *Stephens* v. *Baker & Baker Roofing Co.,* 280 P.2d 39 (Calif. 1955). Actuó correctamente el tribunal de instancia al dejar sin efecto la sentencia y permitir la radicación de la demanda enmendada. Aquí ciertamente lo ocurrido se debió a error o inadvertencia, pues concebiblemente el demandante pudo haber entendido que la demanda

---

rehacer de su propio peculio, cuya destrucción ocurrió al pasar vehículos pesados y camiones de concreto mixto sobre las aceras y encintados ya construidos por el demandante destruyendo éstos en forma tal que tuvieron que rehacerlos y en la misma forma desnivelaron el terreno de los caminos en forma tal que éstos tuvieron que ser nivelados de nuevo sin que el demandante fuera compensado por trabajos adicionales.

"Que la demandada, por sí o por sus agentes, abrió zanjas en los terrenos a ser asfaltados por el demandante y las cubrió con material no susceptible de compactación que tuvo que ser removido y substituido por el demandante a un costo adicional que no le fue compensado.

"Que la demandada, por sí o por sus agentes, depositó fango y cemento mixto sobre los caminos ya terminados, pero no entregados por el demandante teniendo éste que proceder a la limpieza de éstos de su propio peculio, y sin ser compensado por la parte demandada.

"Que el demandante tuvo que reconstruir el camino de entrada (entrance-road), área de estacionamiento, (parking lot), entradas de servicio (services-drives) sardines y encintados (curbs and gutters) que fueran destruidos por la demandada sin ser compensado por ello."

era suficiente para establecer los elementos adicionales que incluyó en su demanda enmendada. El tribunal de instancia bien pudo considerar la moción para que se dictara sentencia sumaria como una para que se dictara sentencia por las alegaciones y al resolverla concederle permiso a la parte demandante para que enmendara la demanda. Ver 1A Barron & Holtzoff, *Federal Practice & Procedure*, Rules Edition, Sec. 444, págs. 720–21 (ed. 1960) ; Cf. *Castner* v. *First National Bank of Anchorage*, 278 F.2d 376 (9no. Cir. 1960).

*Procede por lo expuesto anular el auto expedido y devolver el caso para ulteriores procedimientos.*