# 96 DTA 71

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE BAYAMON

HOME MORTGAGE COMPANY
Demandante-Recurrida

v.

ANGEL LUIS CORCINO MAURAS ETC.
Demandados-Peticionarios

Núm. KLCE -95-01030

San Juan, Puerto Rico, a 30 de abril de 1996

Panel integrado por su presidenta, la Juez Fiol Matta,
la Juez Rodríguez de Oronoz y el Juez Gierbolini

Gilberto Gierbolini, Juez Ponente

### TEXTO COMPLETO DE LA SENTENCIA

Los demandados-peticionarios en el caso de epígrafe nos solicitan mediante recurso de *certiorari* que revoquemos la Resolución emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón, el 21 de noviembre de 1995 y notificada a las partes el 28 de noviembre de 1995. En dicha resolución el foro de instancia declaró Con Lugar una moción de relevo de sentencia presentada por la Home Mortgage Company (Home Mortgage), y dejó sin efecto una sentencia desestimatoria por inacción emitida previamente contra ésta. La parte demandada presentó su escrito de *certiorari* en este tribunal el 14 de diciembre de 1995. Así las cosas, y luego de analizar las controversias existentes en el presente caso expedimos el auto de *certiorari* y **CONFIRMAMOS** al tribunal de instancia.

### I

El 17 de noviembre de 1994, Home Mortgage instó un procedimiento judicial de cobro de dinero y ejecución de hipoteca por la vía ordinaria contra Angel Luis Corcino Maurás (Corsino Maurás), su esposa Evelyn de Choudens Colón y la sociedad de gananciales compuesta por ambos. En su demanda alegó ser el tenedor de un pagaré hipotecario que acreditaba la deuda de $81,638.00, con intereses al 8 1/2 por ciento anual, más otras sumas accesorias, por concepto de un préstamo otorgado a los demandados. En ella indicó, además, que los demandados incumplieron los pagos mensuales de la referida deuda por lo que declaró vencida la totalidad de la misma y recurrió a la ejecución de la propiedad garantizadora de la deuda.

Los emplazamientos fueron expedidos el mismo día de la presentación de la demanda, esto es, el

17 de noviembre de 1994. Sin embargo, los mismos no fueron diligenciados dentro del plazo de seis meses desde la presentación de la demanda, según lo requiere la Regla 4.3 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, Regla 4.3 (1983). Así las cosas, el 6 de junio de 1995 el tribunal de instancia emitió sentencia mediante la cual dio por desistida la acción y ordenó su archivo con perjuicio. Esta sentencia fue notificada el 15 de junio de 1995.

El 3 de agosto de 1995, la parte demandada solicitó la cancelación y devolución del pagaré hipotecario. El 1ro. de septiembre del mismo año, el foro de instancia emitió una orden mediante la cual concedió a Home Mortgage 15 días para replicar a la solicitud de la demandada. Esta orden fue notificada el 14 de septiembre de 1995. Ante una solicitud de prórroga presentada por Home Mortgage, el tribunal de instancia finalmente le concedió a ésta hasta el 9 de octubre de 1995 para que expresara su posición.

Home Mortgage no presentó su posición dentro del plazo concedido. El 13 de octubre de 1995 el tribunal de instancia emitió una orden mediante la cual ordenó a Home Mortgage a entregar a la demandada el pagaré en controversia dentro del término de 30 días. El 31 de octubre fue notificada dicha orden incorrectamente, por lo que ésta fue finalmente notificada el 28 de noviembre de 1995. Sin embargo, días antes de la notificación, Home Mortgage remitió al tribunal a través del sistema de correo, un escrito con fecha de 11 de octubre de 1995 en el cual expresó su oposición a la cancelación del pagaré y solicitó el relevo de la sentencia del 6 de junio de 1995. En ella, Home Mortgage expresó que sus gestiones para localizar a la parte demandada habían sido infructuosas, ya que ésta no residía en la propiedad objeto de la ejecución sino que era el hermano del co-demandado Corcino Maurás quien allí vivía.

El tribunal de instancia declaró Con Lugar la solicitud de relevo de sentencia. Al así actuar, impuso a la demandada Home Mortgage una sanción de $500.00 a favor del Estado Libre Asociado de Puerto Rico.

Con estos hechos, los demandados-peticionarios acuden ante nos mediante recurso de *certiorari* en el que plantean como único error el hecho de que el tribunal de instancia declaró Con Lugar la solicitud de relevo de sentencia presentada por Home Mortgage. Aducen que ésta no expresó justificación alguna para su falta de diligencia en la tramitación del caso, así como para que el foro de instancia actuara conforme su solicitud de relevo de sentencia.

## II

La Regla 49.2 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, Regla 49.2 (1983), establece un mecanismo post sentencia que permite a los tribunales suspender el efecto de una sentencia, orden o resolución cuando a su juicio esté presente alguna de las circunstancias que la propia regla contempla. Su finalidad, según la jurisprudencia, es *"impedir que tecnicismos y sofisticaciones frustren los fines de la justicia", Ortiz Serrano vs. Ortiz Díaz,* 106 D.P.R. 445, 449 (1977).

Según ha dicho el Tribunal Supremo de Puerto Rico, esta regla debe ser interpretada liberalmente, *Dávila vs. Hospital San Miguel, Inc.,* 117 D.P.R. 807 (1986); *Díaz vs. Tribunal Superior,* 93 D.P.R. 79 (1966). En este contexto, *"cualquier duda debe resolverse a favor del que solicite que se deje sin efecto la rebeldía o una sentencia, a fin de que el pleito pueda adjudicarse en los méritos",* José A. Cuevas Segarra, *Práctica Procesal Puertorriqueña, Procedimiento Civil,* **Publicaciones J.T.S.,** pág. 267 (1986).

Desde la vigencia de las anteriores Reglas de Procedimiento Civil, la jurisprudencia ha señalado que el relevo de una sentencia bajo la Regla 49.2 es una facultad discrecional de los tribunales de instancia, *Southern Construction Co. vs. Tribunal Superior,* 87 D.P.R. 903 (1963). Sin embargo, previo a decretar el relevo de una sentencia *"el tribunal debe determinar si bajo las circunstancias específicas del caso existen razones que justifiquen la concesión de un remedio contra los efectos de la sentencia", Olmeda Nazario vs. Sueiro Jiménez,* 123 D.P.R. 294, 299 (1989) (Cita omitida). En este contexto, la norma en apelación consiste en que los tribunales apelativos no intervendrán con el ejercicio de tal facultad, a menos que la parte que lo solicita demuestre que al suspender los efectos de una sentencia, orden o resolución, el foro de instancia actuó arbitrariamente o que tal acción constituyó un claro abuso de discreción, *Southern Construction Co. vs. Tribunal Superior, supra,* a la

página 905.

En el ejercicio de la facultad que confiere la Regla 49.2, los tribunales deben tener siempre presente que el principio fundamental de la función judicial es hacer justicia. De este modo,

*....hay que establecer un delicado balance entre el afán, altamente deseable, de resolver los pleitos prontamente, y el de concederle a las partes la oportunidad de que el tribunal conozca de la controversia en su fondo, para que se pueda hacer cumplida justicia". Id.*, a la página 906.

En su solicitud de relevo de sentencia, Home Mortgage adujo que medió de su parte negligencia excusable; véase Moción de Relevo de Sentencia y Oposición a Moción Solicitando Cancelación de Gravamen y/o Devolución de Pagaré, a la página 4, Apéndice de la Petición de *Certiorari*, Exhibit XII, a la página 23. En este sentido, invocó el inciso 1 de la Regla 49.2 como fundamento para el relevo de la sentencia emitida en su contra. En su moción ofreció como prueba de ello el testimonio de la emplazadora, quien informó que las gestiones para realizar el emplazamiento fueron infructuosas debido a que el co-demandado Corcino Maurás no residía en la residencia objeto del pleito y que creía que era innecesario solicitar que el emplazamiento fuera realizado por edictos, *Id.* a la página 21. La parte demandante reconoció que incurrió en negligencia, la que catalogó como excusable, pero que a pesar de la dilación en el trámite legal, Home Mortgage no debía ser penalizado, *Id.*, a la página 23.

Al examinar los hechos del presente caso, no nos parece que el tribunal de instancia haya actuado de forma arbitraria o caprichosa al ordenar el relevo de la sentencia. Nótese que la conducta expresada por los esposos Corcino-Choudens como constitutiva de falta de diligencia por parte de Home Mortgage fue sancionada por el tribunal de instancia. En este sentido, conjuntamente con el relevo de la sentencia, dicho foro impuso una sanción económica de $500.00 contra Home Mortgage. Este proceder es cónsono con la política judicial de que los casos sean dilucidados en sus méritos y de que la desestimación de una acción debe ser el último recurso del tribunal ante la falta de diligencia de las partes en el trámite judicial, *Amaro González vs. First Federal Savings Bank*, 93 **J.T.S.** 46; *Dávila vs. Hospital San Miguel, Inc.,* 117 D.P.R. 807 (1986); *Maldonado vs. Secretario de Recursos Naturales,* 113 D.P.R. 494 (1982).

Por todo lo anterior, concluimos que ante los hechos particulares del caso, la sanción económica que impuso el tribunal de instancia a Home Mortgage resulta el mecanismo más apropiado en lugar de la severa sanción de la desestimación de su acción. Por lo tanto, actuó correctamente al decretar el relevo de la sentencia.

## III

Por los fundamentos antes expuestos, **EXPEDIMOS** el auto, **CONFIRMANOS** la Sentencia apelada y **DEVOLVEMOS** el caso al tribunal de instancia para procedimientos ulteriores compatibles con lo aquí expresado.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

Sonia Pacheco Román
Secretaria General

### ESCOLIO 96 DTA 71

**1.** La Regla 49.2 establece seis razones por las cuales procede el relevo de una sentencia. Estas son: *"(1) error, inadvertencia, sorpresa o negligencia excusable; (2) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio; (3) fraude; (4) nulidad de la sentencia; (5) la sentencia ha sido satisfecha; y (6) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia."*