ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| **IRMA ESTHER CASIANO SANTIAGO**<br><br>Recurridos<br><br>v.<br><br>**LUIS G. ALMODOVAR RIVERA**<br><br>Peticionarios | KLCE202301144 | **CERTIORARI** procedente del Tribunal de Primera Instancia, Sala Superior de **San Germán**<br><br>Civil Núm.: **SG2021CV00138**<br><br>Sobre: Nulidad de Sentencia |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores.

Cintrón Cintrón, Jueza Ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 19 de diciembre de 2023.

Comparece ante nos, por derecho propio, la licenciada Irma E. Casiano Santiago (señora Casiano Santiago o apelante) y solicita la revocación de la *Sentencia* dictada el 21 de agosto de 2023 y notificada el 23 del mismo mes y año, por el Tribunal de Primera Instancia, Sala Superior de San Germán (TPI). Mediante la misma, el TPI declaró *No Ha Lugar* la demanda de relevo de sentencia interpuesta por la apelante y consecuentemente, decretó su desestimación.

Ahora bien, a pesar de que se instó un recurso de *certiorari*, lo acogemos como una apelación, toda vez que se recurre de una *Sentencia*. Sin embargo, se mantendrá el mismo alfanumérico asignado por la Secretaría de este Tribunal de Apelaciones por cuestiones de economía procesal.

Por los fundamentos que expondremos a continuación, confirmamos el pronunciamiento apelado.

I.

Según surge del expediente, en el 2019, el señor Luis Gustavo Almodóvar Rivera (señor Almodóvar Rivera o apelado) incoó una demanda sobre desahucio en precario en contra de la señora Casiano Santiago (caso número SG2019CV00230). Tras varios trámites, el 15 de noviembre de 2023 se celebró una vista, en la cual las partes informaron al Tribunal una estipulación transaccional que consistía en lo siguiente:

> La demandada, Irma Esther Casiano Santiago, procederá a desalojar la propiedad en el término de 60 días, o sea no más tarde del miércoles, 15 de enero de 2020. Las partes se comprometen a que no interferirán entre ellas, mientras se ocupe la propiedad por la demandada. No habría reclamación posterior entre las partes, una vez se materialice este acuerdo.

Revisada la aludida estipulación, el Tribunal le impartió su aprobación y el 19 de diciembre de 2019, dictó *Sentencia por Transacción*. En esta advirtió a las partes que el incumplimiento con los términos del acuerdo daría lugar a lo apercibido y a los remedios que se invoquen, tales como autorizar una orden de lanzamiento dirigida al Alguacil del Tribunal.[1]

El 10 de marzo de 2023, la señora Casiano Santiago presentó una demanda sobre relevo de sentencia contra el señor Almodóvar Rivera. En su comparecencia, expuso que procedía el relevo de la *Sentencia por Transacción* dictada en el caso de desahucio núm. SG2019CV00230, porque esta se basó en un acuerdo en el cual medió dolo por parte del señor Almodóvar Rivera. Específicamente, alegó que éste intencionalmente ordenó el cierre de la cuenta de

---

[1] El 13 de diciembre de 2019, dentro del pleito de desahucio, la señora Casiano Santiago instó una moción intitulada *Comparecencia Especial Urgente Informativa y Solicitud al Honorable Tribunal*. En esta notificó al tribunal que el señor Almodóvar Rivera desconectó el servicio de energía eléctrica en la residencia y engañó al Tribunal. Por su parte, el 7 de febrero de 2020, el señor Almodóvar Rivera presentó ante el TPI una *Urgente Moción Solicitando Ejecución de Sentencia*. Adujo que la señora Casiano Santiago no cumplía con lo pactado, toda vez que no había desalojado la propiedad y mantenía su posesión en precario. Solicitó la ejecución de la sentencia, ordenando el desahucio y el correspondiente lanzamiento. La señora Casiano Santiago contestó el antedicho petitorio y argumentó que el señor Almodóvar Rivera contravino las condiciones del acuerdo previo a presentarlo ante el tribunal, ello al cerrar el servicio de energía eléctrica de la propiedad concernida desde octubre de 2019. Alegó que se le hacía difícil encontrar personas que pudieran ayudarla a culminar la salida de la residencia.

energía eléctrica de la residencia atañida posterior a la presentación de la demanda sobre desahucio en precario y con anterioridad al acto de sentencia por transacción. Añadió que el señor Almodóvar Rivera ejecutó actos previos extrajudiciales cuya intención y consecuencia final fue la suspensión del servicio de energía eléctrica en la propiedad donde se encontraba y por la cual se llegó a la estipulación transaccional. Resaltó que, de haber conocido dichos hechos, hubiera declinado el consentimiento a la estipulación. Argumentó que lo anterior justificaba que se decretara la nulidad del convenio y, en consecuencia, se le relevara de la sentencia emitida en diciembre de 2019.

Luego de múltiples incidentes procesales, y a solicitud de la señora Casiano Santiago, el 14 de marzo de 2023, el TPI dictó una *Resolución* mediante la cual, en lo pertinente, le anotó la rebeldía al señor Almodóvar Rivera, al palio de la Regla 45.1 de Procedimiento Civil. Asimismo, el foro de instancia aclaró que atendería exclusivamente asuntos relacionados a la petición de nulidad de sentencia.

A través de una *Sentencia* notificada el 23 de agosto de 2023, el TPI declaró *No Ha Lugar* la demanda de relevo de sentencia presentada por la señora Casiano Santiago. El foro *a quo* concluyó que en el caso de autos no se manifestaban los requisitos de la Regla 49.2 de Procedimiento Civil para relevar a la señora Casiano Santiago de la sentencia dictada en el 2019. Además, el TPI expuso que la referida sentencia se dictó por acuerdo de las partes, que consistió en que la señora Casiano Santiago desalojaría el inmueble en cuestión. A su vez, el tribunal expresó que la acción que motivó la salida de la señora Casiano Santiago de la propiedad del señor Almodóvar Rivera solo perseguía recobrar la posesión del inmueble mediante el desahucio. El TPI hizo hincapié en que la señora Casiano Santiago no negó ser precarista en esa propiedad y se allanó

a desalojarla, tal y como surgía de la estipulación transaccional presentada en el 2019.

El Tribunal de Primera Instancia también manifestó lo siguiente:

> De otro lado, de las propias alegaciones de la demandada en los documentos que obran en el presente expediente, surge que la demandante "ha permanecido fuera del hogar". Destacamos que el hecho de que la demandante aun conserve pertenencias en el inmueble no es indicativo de posesión y no revierte el hecho de que ella desocupó el lugar.
>
> Por otra parte, tomamos conocimiento judicial los casos SG2019CV00230 y MZ2019CV01872 en los que la identidad de los litigantes es la misma que la del presente pleito. Así también parte de la controversia ante nuestra consideración se encuentra *subjudice.* Veamos.
>
> El caso SG2019CV00230, sobre desahucio en precario del inmueble objeto de la presente demanda, se encuentra en trámites *post sentencia.* El caso identificado como MZ2019CV01872 sobre liquidación de bienes, cuya controversia trata sobre el caudal *post* ganancial del que otra sala tiene la división de sus haberes y en el que se alega que el inmueble es parte, se encuentra activo.

A raíz de todo lo anterior, el TPI determinó que los argumentos esbozados por la señora Casiano Santiago eran contrarios al derecho aplicable, por lo que no procedía, bajo ninguno de los escenarios invocados, la demanda de relevo de sentencia. Añadió que esta no demostró que la sentencia en el caso núm. SG2019CV00230, de diciembre de 2019, fue dictada sin jurisdicción o que al emitirse se quebrantó su debido proceso de ley. Por ende, denegó relevar de responsabilidad a la señora Casiano Santiago y desestimó la demanda de referencia.

En desacuerdo, el 6 de septiembre de 2023, la señora Casiano Santiago solicitó reconsideración. Mediante *Resolución* dictada el 14 de septiembre de 2023, la moción de reconsideración fue denegada por el TPI.

Aun inconforme, la señora Casiano Santiago acude ante este Foro y aduce que el TPI erró al:

[E]mitir y notificar Resolución el 14 de septiembre de 2023, declarando no ha lugar la reconsideración de la peticionaria (sic) reiterando la sentencia del 21 de agosto de 2023, desestimando la demanda obre relevo de sentencia. Dicha resolución y sentencia fueron dictadas sin concederle a la peticionaria (sic) el debido proceso de ley procesal, negándole la oportunidad de ser escuchada. Entendemos que el TPI le privó de las garantías procesales mínimas de todo procedimiento adversativo en violación a la cláusula constitucional del debido proceso de ley.

El 17 de octubre de 2023 emitimos una *Resolución* concediéndole 20 días a la parte apelada para expresarse sobre el recurso de autos. Esta no compareció, por lo que procedemos a resolver sin el beneficio de su comparecencia.

## II.

### A.

Como es sabido, toda sentencia dictada por un tribunal tiene a su favor una presunción de validez y corrección. Solo en ciertos escenarios muy particulares nuestro ordenamiento procesal civil permite a una parte solicitar el relevo de los efectos de una sentencia previamente dictada en su contra. *López García v. López García*, 200 DPR 50, 59 (2018). El relevo de sentencia es un mecanismo *postsentencia* que capacita al juzgador a eliminar o modificar su dictamen, con el objetivo de hacer justicia.[2] Este remedio es extraordinario, discrecional y se utiliza para impedir que tecnicismos y sofisticaciones frustren los fines de la justicia. *Vázquez v. López,* 160 DPR 714, 725 (2003). La Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 49.2, regula dicho remedio. La misma dispone que:

Mediante una moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento por las razones siguientes:

(a) Error, inadvertencia, sorpresa o negligencia excusable;

---

[2] *Piazza v. Isla del Río, Inc.,* 158 DPR 440 (2003); *Ortiz Serrano v. Ortiz Díaz,* 106 DPR 445, 449 (1977); *Southern Construction Co. v. Tribunal Superior,* 87 DPR 903, 905-906 (1963).

[…]

(d) nulidad de la sentencia;

[…]

(f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.

Las disposiciones de esta regla no serán aplicables a las sentencias dictadas en pleitos de divorcio, a menos que la moción se funde en los incisos (c) o (d) de esta regla. La moción se presentará dentro de un término razonable, pero en ningún caso después de transcurridos seis (6) meses de haberse registrado la sentencia u orden o haberse llevado a cabo el procedimiento. Una moción bajo esta regla no afectará la finalidad de una sentencia, ni suspenderá sus efectos. Esta regla no limita el poder del tribunal para:

(1) conocer de un pleito independiente con el propósito de relevar a una parte de una sentencia, una orden o un procedimiento;
(2) conceder un remedio a una parte que en realidad no haya sido emplazada, y
(3) dejar sin efecto una sentencia por motivo de fraude al tribunal.

[…]

Este mecanismo tiene un rol dual: adelantar el interés de que los casos se resuelvan en sus méritos haciéndose justicia sustancial y, por otra parte, finalizar los pleitos. *García Colón et al v. Sucn. González*, 178 DPR 527, 540 (2010). También se ha establecido que lo dispuesto en la Regla 49.2 de Procedimiento Civil, *supra*:

[…] *aplica sólo en aquellas raras instancias en que existe un error jurisdiccional o una violación al debido proceso de ley que privó a una parte de la notificación o de la oportunidad de ser oída.* Esta regla no provee a las partes licencia para dormirse sobre sus derechos. (Énfasis suplido en el original). *López García v. López García*, supra, pág. 61, citando a J.A. Cuevas Segarra, *Tratado de derecho procesal civil*, 2da ed., Estados Unidos, Pubs. JTS, 2011, T. IV, pág. 1415.

De ordinario, la determinación de relevar a una parte de los efectos de una sentencia está supeditada a la discreción del foro sentenciador. Sin embargo, ello encuentra su excepción en los casos de nulidad o cuando la sentencia ha sido satisfecha. *López García v. López García,* supra; *García Colón et al. v. Sucn. González*, supra. La nulidad de una sentencia por una violación al debido proceso de ley

puede materializarse de distintas maneras. *HRS Erase v. CMT,* 205 DPR 689, 699 (2020).

De igual modo, como norma general, las mociones de relevo de sentencia deben presentarse dentro de un término razonable, pero en ningún caso después de transcurridos seis (6) meses de haberse registrado la sentencia. *HRS Erase v. CMT,* supra, pág. 698. No obstante, tales normas ceden cuando se trata de una sentencia que adolece de nulidad. *Íd; Piazza v. Isla del Río, Inc.,* supra.

Ahora bien, reiteradamente se ha establecido que el remedio de reapertura no es una llave maestra para reabrir a capricho el pleito ya adjudicado. *Piazza v. Isla del Río, Inc.*, supra. Por ello, debemos enfatizar que, aunque la reapertura existe en bien de la justicia, esta no constituye una facultad judicial absoluta, toda vez que a este mecanismo procesal se le contrapone la finalidad fundamental de certeza y estabilidad en los procedimientos judiciales, así como la rápida adjudicación de las controversias. Consecuentemente, les corresponde a los tribunales establecer un balance adecuado entre ambos intereses. *Íd.; Fine Art Wallpaper v. Wolff,* 102 DPR 451, 457-458 (1974).

Es importante consignar que una moción de relevo de sentencia no puede sustituir los recursos procesales de reconsideración o apelación. *Vázquez v. López,* supra, pág. 726; *Olmeda Nazario v. Sueiro Jiménez,* 123 DPR 294, 299 (1989). Sin embargo, en ciertas instancias puede concederse aún después de que la sentencia haya advenido final y firme. *Piazza v. Isla del Río, Inc.,* supra*; Pagán v. Alcalde Mun. de Cataño,* 143 DPR 314, 328 (1997).

Para otorgar un remedio contra los efectos de una sentencia, el tribunal debe determinar si bajo las circunstancias específicas del caso existen razones que justifiquen tal concesión. (Citas

omitidas). Así, si la parte que solicita el relevo aduce una buena defensa —además de alguna de las circunstancias previstas en la Regla 49.2 de Procedimiento Civil, *supra*— y el relevo no ocasiona perjuicio alguno a la parte contraria, este debe ser concedido. *García Colón et al v. Sucn. González*, supra, págs. 540-541.

III.

En su recurso, la apelante esencialmente aduce que erró el foro primario al desestimar la demanda sobre relevo de sentencia. Sostiene que ello la privó de la protección constitucional que le cobija contra la intromisión indebida del Estado con sus derechos fundamentales y el debido proceso de ley. Aduce que procedía el relevo de la sentencia transaccional emitida en diciembre de 2019 en el caso núm. SG2019CV00230, por esta adolecer de nulidad. Esgrime que, contrario a lo decidido por el TPI, la estipulación pactada en dicho caso es nula, debido a que medió dolo y mala fe por parte del apelado. Añade que, previo a dictarse la *Sentencia por Transacción*, solicitó auxilio al Tribunal, y este solo se limitó a ordenarle que compareciera mediante representación legal, pero no le permitió exponer los hechos que la forzaron arbitrariamente a abandonar la propiedad donde residía.

Cónsono con lo anterior, la apelante arguye que de las alegaciones de la demanda de referencia surgen las razones por las cuales medió dolo por parte del apelado durante la estipulación transaccional en el caso de desahucio. Al examinar la demanda de relevo de sentencia, en esta se adujo que, posterior a la presentación de la demanda de desahucio y previo al acto de sentencia por transacción, el apelado intencionalmente desconectó el servicio de energía eléctrica en la residencia atañida. Esbozó, además, que, de haber conocido ese acontecimiento, hubiera declinado el consentimiento a la estipulación. Entiende que lo anterior equivale a que la sentencia del 2019 sea nula.

Analizado con detenimiento el expediente que nos ocupa, particularmente los argumentos relacionados con la demanda de relevo de sentencia, concluimos que el razonamiento esbozado por la apelante no nos mueve a intervenir con el dictamen impugnado.

Según discutido, la Regla 49.2 de Procedimiento Civil, *supra*, autoriza a los tribunales a dejar sin efecto alguna sentencia, de existir causa justificada bajo los criterios dispuestos en ésta. Para que ello ocurra, la parte que lo solicita debe acreditar con prueba admisible la presencia de al menos uno de los requisitos dispuestos en la aludida Regla. En ese sentido, recordemos que el tribunal debe tener un rol activo en el manejo de los casos ante su sala con el objetivo de promover la tramitación y disposición rápida y efectiva de los pleitos. Durante ese ejercicio, debe evaluar de forma sensible y prudente las controversias y los sujetos involucrados.

Considerado lo anterior, no existe razón alguna que nos permita concluir que el TPI haya actuado en contravención de nuestro ordenamiento jurídico aplicable al emitir la determinación impugnada. Del tracto procesal de la causa que nos ocupa resulta evidente que las razones brindadas por la apelante no constituyeron justa causa para dejar sin efecto la *Sentencia por Transacción*. Así, colegimos que no constituyó dolo el hecho de que alegadamente el apelado no le informó la desconexión del servicio de energía eléctrica en la propiedad a desahuciarse. Ello, máxime cuando el tribunal expresó que, de las propias alegaciones de la apelante en los documentos que obran el en expediente se desprendía que esta "ha permanecido fuera del hogar", por lo que, a todas luces esta lo había desocupado.

Por ende, entendemos que el TPI no abusó de su discreción al concluir que la apelante no demostró que la sentencia en el caso núm. SG2019CV00230 se dictó sin jurisdicción o que se le quebrantó el debido proceso de ley durante el proceso. De hecho,

previo al emitir la sentencia apelada, el tribunal, a tenor con la Regla 49.2 de Procedimiento Civil, *supra*, tomó conocimiento de dos (2) pleitos independientes existentes entre las partes de epígrafe, con el propósito de justipreciar adecuadamente la petición de relevo de sentencia de la apelante.

Así las cosas, no está presente aquí el escenario de pasión, prejuicio, parcialidad o error manifiesto que hubiese podido motivar la intervención de este Tribunal de Apelaciones en la determinación del Tribunal de Primera Instancia. En consecuencia, confirmamos la *Sentencia* apelada.

V.

Por las consideraciones que preceden, confirmamos la Sentencia objetada.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones