Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel Especial

| | | |
|---|---|---|
| ALEXANDRA MARTÍN RIBOT<br>Peticionaria<br><br>v.<br><br>CARLOS GONZÁLEZ SÁNCHEZ, MADELINE MÉNDEZ Y LA SOCIEDAD LEGAL DE GANANCIALES POR AMBOS COMPUESTA<br>Recurridos | TA2025CE00408 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Mayagüez<br><br>Caso Núm. MZ2023CV00973<br><br>Sobre:<br>Daños y Perjuicios; Incumplimiento de Contrato |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto y el Juez Campos Pérez

Adames Soto, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 18 de septiembre de 2025.

Comparece la Sra. Alexandra Martín Ribot (señora Martín Ribot o peticionaria), mediante recurso que denominó *apelación*, pero que, en efecto, se trata de un recurso *certiorari,*[1] solicitando la revocación de una *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Mayagüez (TPI), el 16 de junio de 2025. A través de su dictamen el TPI declaró *Ha Lugar* una solicitud de relevo de sentencia presentada por la Sra. Madeline Méndez Acevedo (señora Méndez Acevedo).

Por los fundamentos que expondremos a continuación, *expedimos* el recurso solicitado *y modificamos*.

**I. Resumen del tracto procesal**

Este caso inició el 8 de junio de 2023, cuando la aquí peticionaria instó una *Demanda* de daños y perjuicios e incumplimiento de contrato

---

[1] Mediante Resolución de 4 de septiembre de 2025, ordenamos a la Secretaría el cambio de materia.

contra el Sr. Carlos González Sánchez, (señor González Sánchez), la señora Méndez Acevedo, (señora Méndez Acevedo o recurrida), casada con el primero, y, *presumiblemente,[2]* la Sociedad Legal de Gananciales compuesta por estos, (SLG). En síntesis, alegó que, el 1 de marzo de 2023, contrató al señor González Sánchez para hacer unos trabajos de construcción en la residencia, que inició el 13 del mismo mes. En particular, los referidos trabajos comprendían lo siguiente: 1) cerrar la marquesina; 2) construcción de un baño; 3) instalación de tubería de electricidad, losetas, puertas y ventanas; y 4) trabajo de plomería. A tenor, la peticionaria alegó que, de marzo a mayo de 2023, entregó al señor González Sánchez $5,500.00 para las obras contratadas. Sin embargo, adujo que tales obras no fueron completadas, y lo efectuado adolecía de serios defectos. En consecuencia, luego de la peticionaria solicitó la devolución del dinero pagado, pero nunca obtuvo respuesta. En consecuencia, solicitó al Tribunal que declarase *Con Lugar* la *Demanda* y ordenase a los recurridos al pago solidario de ciertas cantidades de dinero, además de costas, gastos, intereses y honorarios de abogado.

Una vez la Secretaría del foro primario expidió los emplazamientos correspondientes, la peticionaria acreditó haber **emplazado personalmente** tanto al señor González Sánchez, **como a la señora Méndez Acevedo,** el 13 de julio de 2023.[3]

Entonces, el 20 de julio de 2023, la peticionaria instó una moción para que se les anotara la rebeldía a los demandados. Afirmó que, a pesar de las partes demandadas haber sido debidamente emplazadas, y discurrir el término para presentar alegación responsiva, estas no habían comparecido al procedimiento, ni contestado la *Demanda.*

---

[2] Este fue el lenguaje preciso utilizado en la *Demanda* aludida para identificar a la SLG. Alegación número 2 de la *Demanda*, entrada 1 de SUMAC.

[3] Apéndice del recurso de *certiorari*, expediente electrónico del caso en SUMAC, entrada núm. 5.

En respuesta, el 15 de agosto de 2023, notificada a las partes el 25 de agosto de 2023, el tribunal *a quo* declaró *Ha Lugar* la solicitud de anotación de rebeldía.

A tenor, el 4 de octubre de 2023, la peticionaria le solicitó al Tribunal que pautara la celebración del juicio en rebeldía.

De conformidad, el foro primario citó a las partes y celebró el juicio en rebeldía el 23 de enero de 2024, al que asistió la peticionaria junto a su representación legal, no así los demandados. Como resultado, el 22 de abril de 2024, el mismo foro emitió una *Sentencia* declarando *Ha Lugar* la *Demanda* instada por la parte peticionaria contra los recurridos. En su dictamen el foro enumeró quince determinaciones de hechos y, luego de exponer el Derecho pertinente, ordenó a **los demandados que pagaran de manera solidaria** a la peticionaria una cantidad que desglosó. **Esta *Sentencia* fue notificada a las partes el 29 de abril de 2024**.

Aproximadamente dos (2) meses después la notificación aludida, el 28 de junio de 2024, la peticionaria presentó una *Moción Solicitando Ejecución de Sentencia*. De igual forma, el 10 de diciembre de 2024, presentó otra *Moción Solicitando Ejecución de Sentencia*.

A tenor, el 10 de diciembre de 2024, el TPI emitió *Orden* declarando *Con Lugar* la solicitud de ejecución de sentencia.

En correspondencia, el 11 de diciembre de 2024, la Secretaría del Tribunal expidió un *Mandamiento sobre Ejecución de Sentencia* dirigida al Alguacil General del Tribunal.[4]

Después, ya en el proceso de lograr la ejecución de la *Sentencia*, el 20 de febrero de 2025, la peticionaria solicitó al Tribunal que emitiese una orden en virtud de las Reglas 40 y 51.4 de Procedimiento Civil, 32 LPRA Ap. V, R. 40 y 51.4, para que los recurridos compareciesen a una

---

[4] Aunque este documento no fue incluido en el Apéndice del presente recurso, pudimos examinarlo a través del expediente electrónico del caso en SUMAC, entrada núm. 23, caso núm. MZ2023CV000973.

toma de deposición. También peticionó que se ordenara al Departamento de Transportación y Obras Públicas (DTOP) que emitiera una certificación sobre los vehículos de motor de los demandados.

El foro de instancia emitió las órdenes, según solicitado por la peticionaria. A estos efectos, el 28 de marzo de 2025, la señora Martín Ribot presentó una *Moción Informativa* en la que expresó al TPI que dichas órdenes fueron diligenciadas por los Alguaciles del Tribunal, el 21 de marzo de 2025.[5]

Como parte de las gestiones descritas para lograr la ejecución de la sentencia, el 20 de febrero de 2025, la parte peticionaria solicitó al Tribunal que emitiese una orden, en virtud de las Reglas 40 y 51.4 de Procedimiento Civil, 32 LPRA Ap. V, R. 40 y 51.4, para que los recurridos compareciesen a una toma de deposición, al amparo de la precitada Regla 51.4, 32 LPRA Ap. V, *supra*.

Es así como, el 28 de marzo de 2025, la señora Martín Ribot compareció por primera vez ante el TPI, mediante *Moción Anunciando Representación Legal y en Solicitud de Relevo de Sentencia Regla 49.2*. Es decir, la moción bajo la Regla 49.2, *infra*, se instó habiendo transcurrido **un (1) año y dos (2) días de emitida la *Sentencia* cuyo relevo se pretendía.**

En lo concerniente a la petición de relevo de sentencia, la señora Sánchez Acevedo adujo en la *Moción* aludida que, al momento de los hechos alegados en la *Demanda*, no estaba casada con el señor González Sánchez. Añadió que, aunque se casó con el señor González Sánchez para la fecha en que fue dictada la *Sentencia*, había suscrito una Escritura Pública de Constitución de Capitulaciones Matrimoniales antes de contraer matrimonio, por lo que nunca ni existió una SLG entre

---

[5] Apéndice del recurso de *certiorari*, expediente electrónico del caso en SUMAC, entrada núm. 32.

estos.[6] Por lo tanto, solicitó al TPI que la relevase de la *Sentencia* dictada el 22 de abril de 2024, por la inexistencia de la SLG, sobre la cual se impuso responsabilidad. Además, en lo referente a la responsabilidad de la recurrida como persona que surgía de la misma *Sentencia*, esta afirmó lo que sigue: "planteamos de igual manera que cualquier ejecución de sentencia y/o petición de embargo o descubrimiento de prueba de bienes privativos de la demandada Madeline Méndez Acevedo, no es conforme a derecho, por estarse ejecutando la misma bajo el erróneo fundamento de que los demandados tuvieron una Sociedad Legal de Gananciales".[7]

En atención a lo cual, el 16 de junio de 2025, el foro de instancia emitió la *Resolución* cuya revocación nos solicita la peticionaria, acogiendo los fundamentos expuestos por la señora Méndez Acevedo en la petición de petición de relevo de sentencia. Razonó que no podía imponérsele responsabilidad a una parte que nunca existió, la SLG, ni la señora Méndez Acevedo podía asumir responsabilidad solidaria por los actos cometidos exclusivamente por el señor González Sánchez, de modo que no se podía ir en contra de los bienes privativos de esta. Por tanto, dictó que el TPI carecía de jurisdicción sobre la persona inexistente de la SLG, y "la extensión de la *Sentencia* a la codemandada (en su carácter personal), en ausencia de base jurídica o fáctica que lo justifique, constituye un defecto sustancial que no puede convalidarse ni siquiera por la comparecencia posterior de la parte afectada".[8] En consonancia, relevó a la señora Méndez Acevedo de los efectos de la *Sentencia* emitida el 22 de abril de 2024.

Inconforme, la parte peticionaria presentó una fundamentada *Moción de Reconsideración* y sobre falta de jurisdicción, esgrimiendo que: las partes habían sido debidamente emplazadas; la Sentencia dictada lo

---

[6] Como parte de la moción fueron incluidos los documentos que establecían la fecha en que los demandados contrajeron matrimonio y la escritura pública sobre capitulaciones matrimoniales.

[7] Apéndice del recurso de *certiorari*, entrada 34, SUMAC.

[8] Resolución recurrida, entrada núm. 35 de SUMAC, pág 9.

fue contra la SLG y también contra el señor González Sánchez y la señora Méndez Acevedo; la referida Sentencia había advenido final y firme, sin que ninguno de los demandados instaran recursos para revisarla; la moción de relevo de sentencia fue radicada pasado más de un año de notificada a las partes, habiendo pasado el término fatal de seis meses que establecen las reglas procesales, por lo que carecía de jurisdicción el foro recurrido para acogerla.

Sin embargo, el TPI la declaró *No Ha Lugar*.

En desacuerdo, la peticionaria acude ante nosotros solicitando la revocación del referido dictamen, a través del señalamiento del siguiente error:

> Erró el TPI al conceder un relevo de sentencia presentado tardíamente con el propósito de eludir la ejecución de la sentencia y por haber sido concedido sin jurisdicción para ello, luego de transcurrido el término fatal de seis (6) meses que establece la Regla 49.2 de Procedimiento Civil.

El 8 de septiembre de 2025, la parte recurrida presentó *Escrito en Oposición a Expedición de Certiorari*. Con el beneficio de la comparecencia de las partes concernidas, estamos en posición de resolver.

## II. Exposición de Derecho

La Regla 49.2 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 49.2, es una herramienta procesal que permite a una parte solicitar al tribunal el relevo de los efectos de una sentencia por causa justificada; es decir, por alguno de los fundamentos allí establecidos. En lo específico, la regla citada dispone lo que sigue:

> Mediante una moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento por las razones siguientes:
>
> (a) Error, inadvertencia, sorpresa o negligencia excusable;
>
> (b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48 de este apéndice;

(c) fraude (incluso el que hasta ahora se ha denominado "intrínseco" y el también llamado "extrínseco"), falsa representación u otra conducta impropia de una parte adversa;

(d) nulidad de la sentencia;

(e) la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continúe en vigor, o

(f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.

La moción de relevo de sentencia es un mecanismo *post sentencia* creado con el objetivo de impedir que sofisticaciones y tecnicismos puedan privar los fines de la justicia. *García Colón et al. v. Sucn. González,* 178 DPR 527, 539 (2010); *Náter v. Ramos,* 162 DPR 616, 624, (2004); *Ortiz Serrano v. Ortiz Díaz,* 106 DPR 445, 449 (1977); *Southern Construction Co. v. Tribunal Superior,* 87 DPR 903, 905– 906 (1963). No obstante, **aunque el remedio de reapertura existe en bien de la justicia, no constituye una facultad judicial absoluta, porque a éste se contrapone la fundamental finalidad de que haya certeza y estabilidad en los procedimientos judiciales, y de que se eviten demoras innecesarias en el trámite judicial**. Les toca a los tribunales, pues, establecer un balance adecuado entre ambos intereses. (Énfasis provisto). *Piazza v. Isla del Río, Inc.,* 158 DPR 440, 448 (2003); *Fine Art Wallpaper v. Wolff,* 102 DPR 451, 457–458 (1974).

Para que proceda el relevo de sentencia de conformidad con la Regla 49.2 de las de Procedimiento Civil, *supra,* es necesario que el peticionario aduzca, al menos, una de las razones enumeradas en esa regla para tal relevo. Es decir, la parte peticionaria está obligada a justificar su solicitud amparándose en una de las causales establecidas en la regla. *García Colón et al. v. Sucn. González,* supra, a la pág. 540; *Reyes v. E.L.A. et al.,* supra, a la pág. 809. Además, relevar a una parte de los efectos de una sentencia es una decisión discrecional del tribunal,

**salvo en los casos de nulidad o cuando la sentencia ha sido satisfecha**. (Énfasis provisto). *García Colón et al. v. Sucn. González*, supra; *Rivera v. Algarín,* 159 DPR 482, 490 (2003); *Garriga Gordils v. Maldonado Colón,* 109 DPR 817, 823–824 (1980); R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil,* 4ta ed., San Juan, Ed. LexisNexis, 2007, Sec. 4803, pág. 352.

En cuanto a la interpretación de dicho mecanismo procesal, nuestro alto Foro ha reiterado que **no puede ser utilizado en sustitución de los recursos de revisión o reconsideración**. Además, este mecanismo procesal no está disponible para corregir errores de derecho, por lo que *un error de derecho no da margen al relevo. García Colón et al. v. Sucn. González, supra,* pág. 547.

Sin embargo, una moción de relevo de sentencia debe ser interpretada liberalmente y cualquier duda debe ser resuelta a favor de la parte que solicita se deje sin efecto la sentencia. (Énfasis provisto). *García Colón et al. v. Sucn. González*, supra, a las págs. 540-541; *Náter v. Ramos*, supra, a las págs. 624-625.

Además, la moción de relevo de sentencia debe presentarse dentro de un término razonable **que en ningún caso exceda los seis meses que para ello dispone la Regla 49.2** *de Procedimiento Civil,* supra. (Énfasis provisto). *García Colón v. Sucn. González*, supra, pág. 543. **Transcurrido dicho plazo, no puede adjudicarse la solicitud de relevo**. (Énfasis provisto). *Id.*

Sin embargo, el plazo aludido es inaplicable **cuando se trata de una sentencia nula**. *García Colón et al. v. Sucn. González,* supra, a la pág. 543; *Pardo v. Sucn. Stella*, supra, a la pág. 824. Por ejemplo, **una sentencia es nula si ha sido dictada por un tribunal o foro sin jurisdicción**. Como es sabido, una sentencia nula tiene que dejarse sin efecto, independientemente de los méritos que pueda tener la defensa o

la reclamación del perjudicado. Por tanto, ante la certeza de que una sentencia es nula, resulta mandatorio declarar su inexistencia jurídica, y no cabe hablar de discreción en cuanto a tal proceder. Ello así, independientemente de que la solicitud se haga luego de transcurrido el plazo de seis meses establecido en la Regla 49.2 de las de Procedimiento Civil, supra. *García Colón et al. v. Sucn. González*, supra, a las págs. 543-544.

## III. Aplicación del Derecho a los hechos

a.

Mediante su escrito, la peticionaria afirma que la solicitud de relevo de sentencia fue presentada tardíamente, luego de haber transcurrido el término fatal de seis (6) meses que establece la Regla 49.2 de Procedimiento Civil para tal propósito, por lo que el foro recurrido estaba impedido de atenderla.

A ello opone la recurrida que el TPI tuvo ante su atención la documentación que estableció que no existía un matrimonio entre ella y el señor González Sánchez, al momento en que la peticionaria contrató con este, ni una SLG que fuera capaz de ser demandada, lo que dio lugar a que, tanto esta última, como la señora Méndez Acevedo, fueran relevadas de la Sentencia.

b.

Según subrayamos en el tracto procesal, emitida la *Sentencia* en contra de los demandados el 22 de abril de 2024, notificada el 29 del mismo mes y año, no cabe duda alguna que la moción de relevo de sentencia instada por la señora Méndez Acevedo el 28 de marzo de 2025 superó con creces el término de seis meses que dispone la Regla 49.2 de Procedimiento Civil, *supra*, para que pudiera ser considerada por el TPI. Esta afirmación no merece mayor elaboración.

Por tanto, para que el TPI estuviera en posición de considerar y resolver la petición de relevo de sentencia, tenía como única avenida procesal disponible declarar nula la Sentencia emitida el 22 de abril de 2024, (al menos respecto a la SLG y la señora Méndez Acevedo), pues es la única causa que no está sujeta al término de seis meses aludido. De este modo, la interrogante medular que nos toca contestar es si el foro primario contaba con fundamentos para declarar la nulidad de la sentencia cuyo relevo fue solicitado. Respondemos que dicho dictamen **no** fue nulo respecto a la codemandada Méndez Acevedo, por tanto, el TPI incidió al conceder el relevo de la sentencia solicitado.

Al así afirmar resulta necesario iniciar por establecer que no existe controversia sobre el hecho de que la peticionaria emplazó personalmente a la SLG **y a la señora Méndez Acevedo**. Sobre esto, sépase que, en ninguna etapa procesal, ni siquiera en la moción de relevo de sentencia, ha sido cuestionado que el TPI adquiriera jurisdicción sobre la persona de la señora Méndez Acevedo. Lo que sí se logró establecer en la moción de relevo de sentencia fue la inexistencia de una SLG conformada entre la señora Méndez Acevedo y el señor González Sánchez.

Lo anterior es de vital importancia porque, como se sabe, "el emplazamiento es el mecanismo procesal que **permite al tribunal adquirir jurisdicción sobre el demandado, <u>para que éste quede obligado por el dictamen que, en su día, emita el foro judicial</u>**". (Énfasis y subrayado provistos). *Cirino González v. Adm. de Corrección et al.*, 190 DPR 14, 30 (2014). Este mecanismo, "es parte esencial del debido proceso de ley, pues su propósito principal es **notificar a la parte demandada que existe una acción judicial en su contra**, **de manera que pueda comparecer en el procedimiento, ser oído y presentar**

**prueba a su favor**". (Énfasis provisto). *Torres Zayas v. Montano Gómez*, supra, pág. 467.

De lo que se sigue que, habiendo sido personalmente emplazada la señora Méndez Acevedo, esta tuvo la oportunidad de comparecer, defenderse y esgrimir todas las defensas que estimara pertinentes respecto a las alegaciones contenidas en la *Demanda* en la que figuraba como codemandada, y que desembocó en la *Sentencia* emitida en su contra el 22 de abril de 2024. Contrario a esto, optó por no defenderse.

Desde luego, de haber comparecido al proceso iniciado en su contra, la señora Méndez Acevedo pudo y debió haber esgrimido como defensa el que: no estuviera casada con el señor González Sánchez al momento de la contratación con la peticionaria, ni en el transcurso de los trabajo efectuados; que nunca constituyó una SLG junto a dicho codemandado, en tanto suscribieron capitulaciones matrimoniales; **que no se benefició de manera alguna del producto de la contratación con el codemandado que dio lugar a la causa de acción instada en su contra**. Sin embargo, al elegir no participar del proceso, la señora Méndez Acevedo renunció a estas defensas y se expuso a que se dictara sentencia en su contra.

Más aún, una vez recayó la *Sentencia* en su contra, la señora Méndez Acevedo estaba en perfecta posición de levantar las defensas descritas en el párrafo que antecede a través de una moción de reconsideración ante el propio TPI, o acudiendo a este Tribunal de Apelaciones, mediante recurso de apelación, pero tampoco lo hizo, sino que optó por permitir que el dictamen donde se le responsabilizó por incumplimiento de contrato, más daños, adviniera final y firme. Ya citamos en la exposición de derecho que la moción de relevo de sentencia no puede ser sustituto de una petición de reconsideración o recurso de apelación.

Sobre lo mismo, nótese que, por los propios dichos de la señora Méndez Acevedo, plasmados en la moción de relevo de sentencia, esta conocía de las causas para solicitar el relevo de sentencia durante el transcurso del proceso que dio lugar a la Sentencia en su contra. Es decir, antes de que se dictara la Sentencia el 22 de abril de 2024, la señora Méndez Acevedo sabía que no estaba casada con el señor González Sánchez al momento en que este contrató con la peticionaria, y de igual forma conocía cuál era su estatus civil durante dicho procedimiento, junto a las capitulaciones matrimoniales firmadas. En consecuencia, ninguna de las razones para solicitar el relevo de la sentencia aconteció posterior al dictamen dictado en su contra, siendo susceptibles de ser esgrimidas, reiteramos, durante el proceso seguido en su contra, o a través de los mecanismos procesales *post* sentencia, los que incluía instar moción de relevo de sentencia, **pero esta última, dentro del término de seis meses que dispone la Regla 49.2,** *supra*.

Establecido lo anterior, entonces, ¿dónde ubicar la presunta causa de nulidad de la Sentencia respecto a la señora Méndez Acevedo? En ninguna parte que podamos identificar, salvo, juzgamos, en el yerro del foro *a quo* al confundir la personalidad jurídica de la SLG, con la de señora Méndez Acevedo.

Al respecto, baste citar a nuestro Tribunal Supremo cuando sobre este asunto zanjó que, "la Sociedad Legal de Bienes Gananciales es una entidad con personalidad jurídica propia **y separada de los dos miembros que la componen**". (Énfasis provisto). *Torres Zayas v. Montano Gómez*, 199 DPR 458, 466 (2017). De aquí que del expediente electrónico del caso surja con claridad el diligenciamiento de cuatro emplazamientos: 1) al señor González Sánchez; 2) a este en representación de la SLG compuesta por él con la Sra. Madeline Méndez; 3) **a la señora Madeline Méndez**; 4) y a la SLG compuesta por esta con

Carlos González Sánchez.[9] El emplazamiento entregado a la mano de la señora Méndez Acevedo expresamente le advirtió de su derecho a presentar alegación responsiva, y la posibilidad de dictar sentencia en rebeldía en su contra de no comparecer, pero no lo hizo, por lo que le corresponde asumir las consecuencias de su omisión.

En definitiva, incidió al foro recurrido al relevar a la señora Méndez Acevedo de la Sentencia dictada en su contra el 22 de abril de 2024. La moción de relevo de sentencia fue presentada de manera tardía, en exceso del término de seis meses dispuesto por la Regla 49.2 de Procedimiento Civil, *supra*, y no existía causa para anular el dictamen cuyo relevo se solicitó.

## IV. Parte dispositiva

Por los fundamentos que anteceden, expedimos el recurso de *certiorari* solicitado y *Modificamos* la Resolución recurrida, a los únicos efectos de declarar *No Ha Lugar* la moción de relevo de sentencia presentada por la señora Méndez Acevedo en su carácter personal. En consecuencia, se ordena la continuación de los procesos en el Tribunal de Primera Instancia de conformidad con lo aquí decidido.

Lo pronunció y manda el Tribunal y lo certifica su Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[9] Entrada número 5 de SUMAC.